Houston & Texas Central Railway Company v. State of Texas.

Decided April 15, 1897.

Railroad—Land Grant—Constitution of 1869.

Construing the charter of the Washington County Ry. Co. (Special Act of Feb. 2, 1856), the Act confirming the purchase of its road by the Houston and Texas Central Ry. Co. (Act of Aug. 15, 1870), and the Act of Feb. 2, 1853, authorizing the latter company to build a branch to Austin,—Held: that the extension of such latter company's road from Brenham to Austin was constructed by authority of the Act of Aug. 15, 1870, and not under any authority previously given; that at such time the Legislature was prohibited by art. 10, sec. 6, of Constitution of 1869, from granting lands in aid of the construction of a line differing in location from that authorized by previous laws by which the right to a land grant was secured; and that the State could recover from the company lands obtained by it upon certificates unlawfully issued for the construction of such branch. (Following Railway v. State, 89 Texas, 340.)

Petition for writ of error to Court of Civil Appeals, Second District, in an appeal from Nolan County.

*T. D. Cobbs* and *Baker, Botts, Baker & Lovett,* for petitioner.—Tne Court of Civil Appeals erred in holding that petitioner railway company

was not entitled to the land grant in question under the general law of January 30th, 1854, granting lands to encourage the construction of railroads, and the laws of 1862 and 1866, and the special laws specifically extending the benefits of the general law of January 30th, 1854, to petitioner railway company for the construction of its road to Austin, and also in not holding that by analogy to the Constitutional provisions suspending the statutes of limitation the time for construction was suspended till March 30, 1870.   Act March 11, 1848, Special Laws, 1848; p. 370; Act February 14, 1852, Special Laws, 1852, p. 142; Act February 7, 1853, Special Laws, 1853, p. 36; Act January 30, 1854, Gen. Laws, 1854, p. 11; Act January 23, 1856, Special Laws, 1856, p. 28; Act September 1, 1856, Special Laws, 1856, p. 259; Act February 8, 1861, Special Laws, 1861, p. 11; Acts January 11, 1862, Gen. Laws, 1862, pp. 43 and 46; Acts September 21, 1866, Gen. Laws, 1866, p. 33; Act November 13, 1866, Gen. Laws, 1866, p. 212; Acts August 15, 1870, Special Laws, 1870, p. 325; Constitution, 1869, art. 12, sec. 43; Quinlan v. H. & T. C. Ry. Co., 34 S. W. Rep., 738.

Other assignments of error, in the petition, are omitted as not bearing on the question determined.   No briefs for the State have reached the Reporter.

BROWN, ASSOCIATE JUSTICE.—The Attorney General for the State of Texas instituted suit against the plaintiffs in error in the District Court of Nolan County to recover of them sixteen sections of land acquired under the facts hereinafter stated.   The trial was before the court, which rendered judgment for the State for the land in controversy.

The facts so far as necessary to understand the question that we deem it important to notice in passing upon this application are as follows: By special Act, approved February 2, 1856, the Legislature of the State of Texas granted a charter to the Washington County Railroad Company, and the incorporators named therein were authorized to construct and operate a railroad from any point on the Galveston and Red River Railroad which might be selected by them to Brenham in Washington County.   The Galveston and Red River Railroad was afterwards changed to the name of the Houston and Texas Central Railroad, one of the plaintiffs in error.   The Washington County Railroad was constructed within the time required by its charter, and afterwards, under a foreclosure proceeding, was purchased by the Houston and Texas Central Railway Company, which purchase was confirmed by an Act of the Legislature of the State, approved August 15, 1870, entitled "An Act for the relief of the Houston and Texas Central Railway Company."   The fact of the purchase of the Washington County road by the Houston and Texas Central Railway Company, and other facts, were recited in the preamble to that act, the first section of which provided as follows:   "That the Washington County Railroad is hereby made and declared to be to all intents and purposes in law a part of the Houston and Texas Central Railway, and shall be under the control and management of the Houston and Texas

Central Railway Company, in like manner as every other part of the said railway; and the Houston and Texas Central Railway Company shall have the right to build and extend the part of its railway heretofore known as the Washington County Railroad from the town of Brenham in the County of Washington to the city of Austin in the County of Travis, by the most eligible route to be selected by the engineers of the company.    *    *    *    *    *    and the said Houston and Texas Central Railway Company by reason of the construction of the said railway from the town of Brenham to the city of Austin,    *    *    *    *    *    shall have and enjoy the rights, privileges, grants and benefits that are now or may at any time hereafter be secured to any railroad company in the State of Texas, by any general law of the State." Under this Act of the Legislature the Houston and Texas Central Railway Company extended the Washington County road from Brenham to Austin within the time prescribed by the act and the certificates by virtue of which the land in suit was located were regularly issued to the Houston and Texas Central Railway Company for the work done in extending that road.

Plaintiffs in error claimed that the H. & T. C. Ry. Co. was authorized by the Act of February 2, 1853, to build a branch road to Austin and that it was entitled to the certificates in question under that act. The second section of the last named act reads as follows: "Said company (Galveston and Red River Railway Company) is also hereby further authorized and empowered to extend said railway to the city of Galveston, and also to make and construct simultaneously with the main railway, described in the original acts establishing said company, a branch thereof towards the city of Austin, under the same restrictions and stipulations, provided in said original act, and subject to the rights of the State, to regulate the tolls by general law." Whether the authority conferred by the last act to construct a branch towards the city of Austin was preserved to the Houston and Texas Central Railway Company through all the changes of its charter and in all the acts for the relief of the said company which were passed from time to time, is a question that would require much time to solve; but in our view of the case it is wholly unimportant.

Under the act last quoted if in force at the time, the Houston and Texas Central Railroad Company could not have built the road from Brenham to Austin, because it would not have been a branch of its main line, not having any connection therewith. It will be observed that by the Act of August 15, 1870, the authority to construct this road is conferred in the following language: "And the Houston and Texas Central Railway Company shall have the right to build and extend the part of its railway heretofore known as the Washington County Railroad from the town of Brenham in the county of Washington to the city of Austin in the county of Travis." Thus granting specifically the authority to extend the Washington County road, which did not previously exist in the Washington County company nor by virtue of the charter of the Houston and Texas Central Ry. Co.

It follows that the road built from Brenham to Austin and for which the certificates in question were issued was, in fact, constructed by authority of the Act of August 15, 1870, and not under any authority previously given. (See Special Laws, 12th Leg., p. 325.) The validity of the certificates in question depends upon the validity of that part of the Act of 1870 under which they were earned, which attempts to confer upon the Houston and Texas Central Railway Company the right to have the land grant provided for by general law for the construction of that road. At the time the act was passed and when the work was done the Constitution of 1869 was in force, and by article 10, section 6, of that Constitution, the Legislature was prohibited from making such grants. Gulf, Houston and San Antonio Railway Company v. The State of Texas, 89 Texas, 340, (34 S. W. Rep., 746.) The law under which the certificates were issued, being contrary to the Constitution, was void, and the certificates issued were likewise void and conferred no right upon the railroad company.

There being no right vested in the plaintiff in error by the certificates issued by the State, the judgment by which the State recovered the land is necessarily correct, and if there be errors in the procedure by which that judgment was reached, the judgment would not be reversed on that account. We have not deemed it necessary to investigate the other question made, because we consider this decisive of the case in any view that might be presented. We therefore refuse the application for writ of error.

*Writ of error refused.*