

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 28, 1967

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas

Dear Mr. Resweber:

Opinion No. M-111

Re: Whether Article 26.05, Code
of Criminal Procedure, is
applicable to matters be-
fore Juvenile Courts con-
cerning children accused
of felony or misdemeanor.

You have requested an opinion of this office re-
garding the captioned question.

Article 26.05 of the Code of Criminal Procedure pro-
vides, in part, as follows:

"A counsel appointed to defend a person
accused of a felony or misdemeanor punishable
by imprisonment shall be paid from the general
fund of the county in which the prosecution
was instituted according to the following
schedule . . ." (Emphasis added)

This office has previously stated in our recent Opinion
No. M-48:

". . . Article 26.05 is applicable only
to appointments of attorneys in criminal cases
made under authority of Article 26.04(a)."
(Emphasis added)

Article 26.04(a), Code of Criminal Procedure, provides
as follows:

"Whenever the court determines at an
arraignment or at any time prior to arraign-
ment that an accused charged with a felony or
a misdemeanor punishable by imprisonment is
too poor to employ counsel, the court shall
appoint one or more practicing attorneys to
defend him. In making this determination,
the court shall require the accused to file
an affidavit, and may call witnesses and hear
any relevant testimony or other evidence."

- 512 - \

It is the opinion of this office, therefore, that Article 26.05, Code of Criminal Procedure, is not presently applicable to matters before juvenile courts even though the child stands accused of acts which would constitute a felony or misdemeanor punishable by imprisonment if he were of age, since the juvenile court proceedings are regarded as civil rather than criminal. See Dendy v. Wilson, 179 S.W. 2d 269 (1944) and Steed v. State, 183 S.W. 2d 458 (1955).

Further, it is the opinion of this office that House Bill 780, 60th Leg., to become effective August 28, 1967, will authorize payments for appointed counsel as specified in Article 26.05, C.C.P., in those hearings in the juvenile court on the issue of waiver of juvenile court jurisdiction and transfer of the case to the appropriate court for criminal proceedings.

Section 6 of Article 2338-1, V.A.C.S. will read as follows:

"Section 6. TRANSFER AND WAIVER OF JURISDICTION. (a) When a child under the jurisdiction of a court moves from one county to another the court may transfer the case to the court in the county of the child's residence if the transfer is in the child's best interest. The transferring court shall forward transcripts of records in the case to the judge of the receiving court, who shall file them in the office of his clerk.

"(b) If a child is charged with the violation of a penal law of the grade of felony and was fifteen years of age or older at the time of the commission of the alleged offense, the juvenile court may, within a reasonable time after the alleged offense, waive jurisdiction by following the requirements set out in Subsections (c) through (j) of this section, and transfer the child to the appropriate district court or criminal court for criminal proceedings.

"(c) The juvenile court shall conduct an informal hearing under Section 13 of this Act on the issue of waiver of jurisdiction.

"(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

"(e) The juvenile court shall appoint counsel for any child who does not have retained counsel, and shall allow counsel at least ten days to prepare for the hearing. The presence of counsel at the hearing may not be avoided or waived. Appointed counsel is entitled to a fee for each day actually spent in court in the amount and from the same source as specified in Article 26.05 of the Code of Criminal Procedure, or any future amendment of that article." (Emphasis added)

We are not unmindful of the recent holding in the Application of Gault, 87 S.Ct. 1428 (1967) guaranteeing a juvenile protection of certain basic constitutional rights including appointment of counsel; however, the Commissioner's Court is a court of limited jurisdiction and has only such powers as are conferred upon it by the statutes and Constitution of this State, whether by express terms or by necessary implication. Section 18, Article V, Constitution of Texas; Article 2351, Vernon's Civil Statutes; Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1897); Mills v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); Canales v. Laughlin, 147 Tex. 169, 214 S.W. 2d 451 (1948); Starr County v. Guerra, 297 S.W. 2d 379 (Tex.Civ. App. 1956); Van Rosenberg v. Lovett, 173 S.W. 508 (Civ. App. 1915, error ref.).

We find no authority in the laws of this State which authorizes the payment of attorneys appointed by the court to represent juveniles in the juvenile court except as hereinabove noted.

## S U M M A R Y

Article 26.05, C.C.P., is not now applicable to matters before juvenile courts; however, on August 28, 1967, when the provisions of House Bill 780, 60th Leg., which amends Section 6, Article 2338-1, V.C.S., become effective, an attorney who is appointed to represent a juvenile in the juvenile court at a hearing on the issue of waiver of jurisdiction will be entitled to compensation in the amount and from the same source as specified in Article 26.05, C.C.P.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Owen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Jo Betsy Lewallen
Howard M. Fender
Robert Darden

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.