Theodore Bland et al. v. W. L. Orr, County Judge.

Decided March 15, 1897.

1. Commissioners Court—Power to Compromise Debt to County.

The Commissioners Court has no power to accept land and promissory notes, as a compromise, in satisfaction of a claim against the County Treasurer and his bondsmen for money belonging to the county, it not appearing that the land was taken for any other purpose. (Art. 1537, Rev. Stats., construed.) (Pp. 494 to 496.)

2 Same—Cases Limited.

The opinions in Colorado-County v. Beethe, 44 Texas, 447, and in Looscan v. Harris County, 58 Texas, 511, if construed as holding that such courts have general control over the finances of a county, such as is ordinarily conferred upon the directors of a private corporation, cannot be maintained. (P. 496.)

Questions Certified from Court of Civil Appeals, Second District, in an appeal from Jones County.

*Craig & Allen, C. C. Ferrell* and *C. M. Christenberry*, for appellants. —The Commissioners Court had authority under the law to make the settlement with Theodore Bland as to alleged deficit and when their authority was alleged it was not necessary to allege or show for what purpose the land was purchased. Rev. Stats., art. 1537; Arberry v. Beavers, 6 Texas, 465.

When the answer sets up the fact that the settlement was made through or by the Commissioners Court of Jones County, such allegation was sufficient, the Commissioners Court having authority under the law to make such settlement as to them deemed best. Cresswell Ranch and Cattle Co. v. Roberts County, 27 S. W. Rep., 738; Colorado County v. Beethe, 44 Texas, 450; McConnell v. Wall, 67 Texas, 232; Beenig v. Irvin, 39 Colo. App., 900; County of Cook v. Ryan, 51 Ill. App., 190; Sioux County v. Jameson, 61 N. W. Rep., 596; 43 Neb., 265; Commissioners Jackson County v. Nickols, 40 N. E. Rep., 277; American Digest, 1887, 253, sec. 81.

The Commissioners Court is the quasi executive head of Jones County, the guardian of its affairs, and as such it has the legal right to compromise a debt in favor of the county by accepting land, promissory notes or other property, as the court deemed to the best interest of the county. Rev. Stats., arts. 793, 795; Scalf v. Collin County, 16 S. W. Rep., 315; Bell County v. Alexander, 22 Texas, 350; Dikes v. Miller, 25 Texas Sup., 291; Milam County v. Bateman, 54 Texas, 163; Supervisors v. Bowen, 4 Lans. (N. Y.) 24.

*C. P. Woodruff*, for appellant Morrow.—Payment of any indebtedness due a county may be made in any kind of property or thing of value, that the proper officers of said county consent or agree to take and accept for the purpose of discharging and in settlement of the debt due said county unless the same be prohibited by special statute. 18 Am. & Eng. Encycl. Law, 186; 12 Id., 149y-149z; Ulsch v. Muller, 143

Mass., 379; 2 Green., Ev. secs. 516, 518, 519, 520, 521, 522, 523, 526.

The Commissioners Court of Jones County can purchase land for Jones County and an order of said county duly passed and entered upon the minutes thereof, a quorum of said court present and voting thereupon, said court being in session, is a judgment conclusive of the right and authority to make such purchase, and cannot be collaterally attacked. Such judgment remains in full force and effect until set aside and canceled by a direct proceeding for that purpose in the District Court of said county. Rev. Stats., arts. 793, 794; Bell County v. Alexander, 22 Texas, 359; Milam County v. Bateman, 54 Texas, 153; Baker v. Panola County, 30 Texas, 87; 4 Am. & Eng. Encycl. Law, 379 to 382; Van Kirk v. Clark, 16 S. & R. (Pa.), 286.

The Commissioners Court in session, a quorum present and acting in and for Jones County, was authorized to demand and receive payment of the indebtedness due Jones County, which is herein sued for, and to collect the indebtedness due said county in claims against said county. Revised Statutes, arts. 789, 790, 793, 795, 796, 865; 4 Am. & Eng. Encycl. Law, 379, 380, 381, 385, 386; 19 Id., 544, 545, 546.

*Kirby & Kirby, Jno. B. Thomas* and *C. H. Steele,* for appellee.— County Commissioners Courts have no authority to use county funds in the purchase of land for any purpose except such as is specially authorized by law. Rev. Stats., 1895, art. 1537 et seq.; Edwards County v. Jennings, 33 S. W. Rep., 585; Williams v. Lash, 8 Minn., 496.

The payment of county funds by the county treasurer is required by law to be secured by an official bond, and no statute authorizes the taking of promissory notes in lieu thereof nor in payment of any amount due the county by the treasurer. Rev. Stats., 1895, art. 920.

County Commissioners Courts can exercise only such powers as are expressly conferred upon them by statute, or which are necessarily implied from the conferred authority. (American and English Encyclopaedia of Law, vol. 4, page 375, note 2). Article 300 of the Revised Statutes of 1895 makes it the duty of the county attorney to institute such proceedings as may be necessary to compel the performance of any duty of any officer charged with the collection or safe keeping of county funds, and in Terrell v. Green, appealed from Tarrant County, this court decided that the county commissioners had no right or power to in any manner interfere with the exercise of this right accorded to county attorneys.

In the State v. Clark, 73 N. C., 255, the court held that the county commissioners had no power to release a sheriff from liability to pay county taxes, and a compromise by taking land or notes is in its nature a release of all liability, and under that decision the act of the commissioners in this case was illegal. No decision in our own State has passed upon the question with regard to the settlement by note, but in Coman v. State, 4 Black. (Ind.), 241, it was decided that County Commissioners Courts had no authority to extend the time prescribed

by law for the payment of revenue collected by the collector of county revenue.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals for the Second Supreme Judicial District have certified for our decision the following question:

"The appellant, as treasurer of Jones County, by reason of the failure of the bank where he kept the county funds deposited, was a defaulter to the county for the sum of about $2800, which he was unable to pay. It does not appear whether the amount could have been made by execution off the sureties on his official bond or not. The Commissioners Court of the county, by an order duly made and entered, purported to purchase, and thereupon accepted a deed of conveyance from one of the sureties on his official bond, for 200 acres of land, at $1514.86, paying for the same in a county warrant drawn on the general fund, and accepted that warrant as in satisfaction of so much of the debt due to the county, and also accepted promissory notes as in satisfaction of the balance, due in one, two or three years respectively, executed by the appellant with good sureties, and thus purported to release and discharge the sureties on the official bond of the treasurer.

"Had the Commissioners Court power to thus accept land and promissory notes in satisfaction of such defalcation, it not appearing that the land was taken for any other purpose?"

We are of the opinion that the Commissioners Court had not the power to compromise the debt and to discharge the liability upon the bond. The provision of the Constitution which relates to the organization of the Commissioners Courts of the several counties of this State reads as follows: "Each county shall in like manner be divided into four Commissioners' precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The County commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Constitution, 1876, article 5, sec. 18.) The powers and duties of such courts are defined in chapter 2, title 32, of our Revised Statutes. Article 1537, which is the first article of that chapter, defines their powers to be:

"1.   To lay off their respective counties into precincts, not less than four, nor more than eight, for the election of justices of the peace and constables, and shall fix the times and places of holding the various Justices' Courts in their counties, and shall establish places in such precincts where elections shall be held; also shall establish justices' precincts and justices' courts for unorganized counties as provided by law.

"2.   To establish public ferries whenever the public interest may require.

"3. To lay out and establish, change and discontinue public roads and highways.

"4. To build bridges and keep the same in repair.

"5. To appoint road overseers and apportion hands.

"6. To exercise general control and superintendence over all roads, highways, ferries and bridges in their counties.

"7. To provide and keep in repair court houses, jails and all necessary public buildings.

"8. To audit and settle all accounts against the county and· direct their payment.

"9. To provide for the support of paupers, and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents ·of their county, who are unable to support themselves.

"10. To provide for the burial of paupers.

"11. To punish contempts by fine not to exceed twenty-five dollars, or by imprisonment not to exceed twenty-four hours, and in case of fine the party may be held in custody until the fine is paid.

"12. To issue all such notices, citations, writs and process as may be necessary for the proper execution of the powers and duties imposed upon such court, and to enforce its jurisdiction."

The eighth subdivision more nearly relates to the question under consideration, than any other, and clearly that does not confer any authority over debts due the county. It refers exclusively to claims "against the county." The subsequent articles of the chapter make it the duty of those courts to levy county taxes, and give certain other powers in no way connected with the subject under consideration. Certain powers are also conferred upon the Commissioners Courts by chapter 3 of article 23, which relates to the "Corporate Rights and Powers" of counties; but in that chapter no provision is found which authorizes them to compound debts due their respective counties. Nor have we found any such authority in Title 25, which is devoted to "County Finances." Their power is to audit claims against the county and, if approved, to direct their payment by a warrant on the county treasurer (See Rev. Stats., art. 1537, quoted above; art. 926, and Nolan County v. Simpson, 74 Texas, 218.) In short, we have found no provision in our statutes which gives those courts any authority over obligations due the county, and although the briefs of counsel upon this question show commendable zeal and ability, none are therein cited.

It is sometimes to the interest of a creditor to compound his claim, and counties are no exception to this rule. It would seem therefore that authority to receive in satisfaction of a debt due a county, something other than the full amount in money ought to have been given to some of its officers or agents; but it is clear, we think, that the Legislature has not lodged the power with the Commissioners Court;—whether purposely or not we need not inquire.

The Constitution does not immediately confer jurisdiction upon these courts over the county business and subject that jurisdiction to "such

regulations as the Legislature may prescribe," nor authority generally over such business. The provision from section 18 of that instrument (already quoted) prescribes: First, that the Commissioners Courts shall exercise such powers and jurisdiction over all county business as are conferred by the Constitution. This refers to filling certain vacancies in offices and some other minor functions devolved upon them in other parts of the instrument. It also gives them such powers as are conferred "by the laws of the State." This probably refers to the powers conferred by the existing laws upon the county courts under the Constitution of 1869, to which they were the successors. We have found nothing in the laws existing at the time the present Constitution was adopted, which empowered the County Courts to compound debts due the county, or which gave them any control over such debts. The purpose of so much of the provision could only have been to continue the laws then existing until the Legislature should see proper to change them; and we therefore think that if any law did then exist which gave the power in question, it was repealed by the Revised Statutes of 1879.

There are some broad expressions in the opinions in Colorado v. Beethe, 44 Texas, 447, and in Looscan v. Harris County, 58 Texas, 511, in reference to the powers of the Commissioners' Courts over county affairs; which are well enough when applied to the facts of those cases. If these utterances be construed as holding that such courts have general control over the finances of a county, such as is ordinarily conferred upon the directors of a private corporation, they cannot in our opinion be maintained.

We answer the question submitted to us for our determination in the negative; and our opinion will be so certified.