

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C MANN
XXⅩⅩⅩⅪⅩⅩⅩⅩⅩⅩⅩⅩⅩ
ATTORNEY GENERAL

Honorable A. E. Hickerson
County Auditor, Montgomery County
Conroe, Texas

Dear Mr. Hickerson:

Opinion No. 0-926
Re: Whether or not the County
Hospital Board of Managers
is authorized to issue and
sell monthly hospitaliza-
tion service policies.

With further reference to your letter of June 2,
kindly be advised that your request for an opinion as con-
tained therein has received the attention of this depart-
ment. The questions asked by you are as follows:

"1. Would the enclosed agreement if put
in effect by the Montgomery County Hospital
(I will say, which is owned and operated by
Montgomery County) and sold only to residents
of Montgomery County, comply with any statute
which may exist.

"2. If so, is there any statute covering
the amount of expense which the Montgomery
County Hospital may expend in selling these
agreements and overhead in general caused the
hospital by virtue of inaugurating the plan.

"3. Based upon information by hospitals
using such plan, we understand that it is not
necessary to secure a charter, that so long as
Montgomery County Hospital issues the agreement
only to citizens of Montgomery County, that this
is all that is necessary. Is this correct?"

We observe from your letter that the Montgomery County Hospital is owned and operated exclusively by Montgomery County, and we necessarily presume that same was constructed and established under the provisions of Chapter 5, Title 71, Articles 4478 to 4498 inclusive, Revised Civil Statutes of 1925 and amendments thereto.

Article 4478 provides:

"The commissioners count of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. Whenever any such proposition shall receive a majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital and shall have the following powers:

"1. To purchase and lease real property therefor, or acquire such real property, and easements therein, by condemnation proceedings.

"2. To purchase or erect all necessary buildings, make all necessary improvements and repairs and alter any existing buildings, for the use of said hospital. The plans for such erection, alteration, or repair shall first be approved by the State Health Officer, if his approval is requested by the said commissioners court.

"3. To cause to be assessed, levied and collected, such taxes upon the real and personal property owned in the county as it shall deem

necessary to provide the funds for the main-
tenance thereof, and for all other necessary
expenditures therefor.

"4. To issue county bonds to provide
funds for the establishing, enlarging and
equipping of said hospital and for all other
necessary permanent improvements in connection
therewith; to do all other things that may be
required by law in order to render said bonds
valid.

"5. To appoint a board of managers for said
hospital.

"6. To accept and hold in trust for the
county, any grant or devise of land, or any
gift or bequest of money or other personal pro-
perty or any donation to be applied, principal
or income or both, for the benefit of said
hospital, and apply the same in accordance with
the terms of the gift. (Acts 1913, p. 71)."

Article 4479, as amended by the Acts of the 40th
Legislature 1927, pertaining to the board of managers for
said hospital, provides that the term of office for each
member of said Board shall be two years, except that in
making the first appointments after this Act takes effect
three members shall be appointed for one year and three
members for two years so that thereafter three members
of said board will be appointed every two years. The
managers shall receive no compensation for their services
but the Act provides that they shall be allowed their
actual and necessary traveling and other expenses within
this state to be audited and paid by the commissioners
court in the same manner as other expenses of the hospital.
This Article further provides that any manager after being
cited may at any time for cause be removed from office
by said court.

Article 4480, pertaining to the powers of the
Board of Managers, provides in part that the Board shall
have the general management and control of the said
hospital, grounds, buildings, officers and employees
thereof; of the inmates therein and of all matters relating
to the government, discipline, contracts and fiscal con-
cerns thereof; and make such rules and regulations as may

seem to them necessary for carrying out the purposes
of such hospital.

Your attention is further called to the other
provisions of Chapter 5 pertaining to the admission of
patients, and that no discrimination shall be made in the
accommodations, care or treatment of any patients because
of the fact that the patient or his relatives contribute
to the cost of his maintenance, in whole or in part, and
that where a patient is able to pay for his maintenance
the hospital shall not charge any greater sum than the aver-
age per capita cost of maintaining such patient including
a reasonable allowance for the interest on the cost of the
hospital.

The above statutes are called to your attention
for the purpose of showing the Legislature has treated the
subject of erecting, establishing, operating and maintain-
ing such hospital with considerable detail.

The commissioners court is given the authority
to acquire real property for such purpose; to erect all ne-
cessary buildings, and to levy and collect taxes for the
maintenance thereof. We do not construe such contracts
as authorized to be made by the county board of managers
as granting to said board any greater power or authority
to make and enter into contract for the maintenance of
said hospital than would be authorized to be made by the
commissioners court in the absence of a board of managers.
We deem it unnecessary to go into the provisions of the
policy form as presented along with your request in view
of the authorities hereinafter cited.

"'The commissioners court is a creature of
the state constitution and its powers are limited
and controlled by the constitution and the laws
as passed by the legislature'. Article 5, Section
18 of the Constitution of Texas; Baldwin v. Travis
County, 40 Tex. Civ. App. 199, 88 SW 480; Seward
v. Falls County (Tex. Civ. App. ) 246 SW 728;
Bland v. Orr, 90 Tex. 492, 39 SW 558"--
Commissioners Court v. Wallace, 15 S. W. (2d) 535.

It is a well settled principle of law that the commissioners court does not have any authority except that which is expressly or impliedly conferred upon it by law. Edwards County v. Jennings, 33 S W 385; 15 Cor. Jur. 457, Sec. 103; 15 Cor. Jur. p. 537, Sec. 221.

"Where a power is granted and the method of its exercise is prescribed, the prescribed method excludes all others, and must be followed." Lewis' Sutherland Statutory Construction, Vol. 2, par. 572, 527, 628, 631.

We quote from 15 Corpus Juris p. 537 as follows:

"In accordance with the general rule heretofore stated, that county boards or county courts have no powers other than those conferred expressly or by necessary implication, such courts or boards have no power to rent or lease property or franchises owned by the county, in the absence of statutory authority so to d."

We quote from the case of Edwards County v. Jennings, 33 SW p. 585, as follows:

"Counties are political or civil divisions of the state, created for the purpose of bringing government home to the people and supplying the necessary means for executing the wishes of the people, and bringing into exercise the machinery necessary to the enforcement of local government. Counties, being component parts of the state, have no powers or duties except those clearly set forth and defined in the constitution and statutes. 1 Dill. Mun. Corp. (par. 25). The statutes of Texas have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners court, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties. It is provided in the constitution that the county commissioners so chosen, with the county judge, as presiding officer, shall compose the county commissioners court, which shall exercise such powers and jurisdictions over all county

business, as is conferred by this constitution
and the laws of this state, or as may be here-
after prescribed. Constitution, Article 5, par.
8, sec. 18.  Looking to the powers granted by
the Legislature by virtue of the above constitu-
tional provisions, we find that no authority is
given the commissioners court to enter into such
contracts as the one sued on in this case.  Revised
Statutes, Art. 1514.  It is clear that the attempted
contract was beyong the power and authority donfided
in the county commissioners."

We find that in 1927 Honorable H. Grady Chandler,
Assistant Attorney General of Texas, wrote a conference opin-
ion rendered to Mr. E. P. Watts, then County Auditor, of
Wichita County, Wichita Falls, Texas, in which this depart-
ment held that the commissioners court of Wichita County
did not have authority to lease the county hospital.  This
ruling, we think, lends support to our view that such
authority, expressed or implied, for raising funds for main-
taining a county hospital by means of selling policies of
insurance is not found in the laws of this state.

In view of the above authorities, you are, there-
fore, respectfully advised that it is the opinion of this
department that the Montgomery County Hospital Board of
Managers doesnot have authority to sell policies of insur-
ance for hospital service under a membership plan as a means
of financing the county hospital affairs.

Our answer to your question No. 1 renders it un-
necessary for us to answer questions two and three of your
letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY      Wm. J. R. King
          Assistant

WmK:BT--pam
APPROVED JUL 14 1939
W. F. MOORE
FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY WRK, CHAIRMAN