

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 27, 1939

Honorable Robert F. Cherry
County Attorney, Bosque County
Meridian, Texas

Dear Mr. Cherry:

Opinion No. 0-358
Re: Authority of Commissioners'
Court to compromise claim
for excess fees retained by
County Treasurer

Your letter of February 11th addressed to Honorable
Gerald C. Mann, Attorney General of Texas, has been received
for attention by this Department. Your request for an opinion,
contained in two questions comprising the second and third
paragraphs of your letter, reads as follows:

"Has the County Commissioner's Court the
right, power and authority to extend to a County
Treasurer and the sureties on his bond time in
which to pay a shortage in the accounts of such
County Treasurer of funds belonging to the county?
Putting the same question in another way, may the
Commissioner's Court of the county, in a case
where the County Treasurer has retained excess
fees and commissions over and above the amount
provided and permitted by law to such County Trea-
surer, accept in lieu of cash, the note of said
County Treasurer signed by the County Treasurer
and the sureties on his official bond, payable in
monthly installments over a period of a year or more
or less?

"The second question: If the Commissioner's
Court has the authority to extend the payment of
the shortage, as hereinabove set out, and to accept
such note or notes and does do so, is the County
Attorney thereby relieved of the duty enjoined
upon him by Art. 339 of the Revised Civil Statutes
to bring suit against the Treasurer and sureties
on his bond as soon as the facts of the shortage
comes to his knowledge?"

The Commissioners' Court derives its powers and authority
from the Constitution and Laws of the State. Article 5, Section

18 of the Constitution of Texas, reads, in part, as follows:

"The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this constitution and the laws of the State, or as may be hereafter prescribed."

Article 1704 providing for a bond by the County Treasurer reads as follows:

"The county treasurer before entering upon the duties of his office, and within twenty days after he has received his certificate of election, shall give a bond payable to the county judge of his county, to be approved by the commissioners court, in such sum as such court may deem necessary, conditioned that such treasurer shall faithfully execute the duties of his office and pay over according to law all moneys which shall come into his hands as county treasurer, and render a true account thereof to said court at each regular term of said court."

The Constitution does not confer upon the Commissioners' Court any general authority over the county business but merely gives them such special powers and jurisdiction over all county business as is conferred by the Constitution itself and the laws of the State, or as might be thereafter prescribed. Wells County v. Lampasas County, 90 Tex. 603, 40 S.W. 403; Hogg vs. Campbell et al, 48 S.W. (2) 515.

A debt fixed in amount cannot be discharged by payment and acceptance of a less amount; payment and acceptance of such amount furnishes no consideration for the relinquishment of the balance owing. Greer v. Hunt County, 249 S.W. 831, Rev. Hunt County v. Greer, 214 S.W. (Civ. App.) 605.

A county or the successor of the official can as a rule accept money only on settlement with such official. 15 Corpus Jur., paragraph 190, p. 517.

The acceptance of notes in lieu of cash by the Commissioners' Court would not be authorized as a surety bond of the County Treasurer would in such instance, if authorized, be released. We have been unable to find any statutory authority for such action on the part of the Commissioners' Court over obligations due a county. It appears that the case of Bland et al v. Orr, County Judge, found in 90 Tex. 492, 39 S.W. 558,

is ample and direct authority upon the questions presented herein. We would like to point out that in the Bland case, supra, Chief Justice Gaines made mention of the fact that it was not shown whether the amount involved in that case could have been made by execution of the sureties on the appellant's (Treasurer) official bond or not.

It is, therefore, the opinion of this Department that the Commissioners' Court would not be authorized to accept a note in lieu of cash belonging to the county and unlawfully retained by the County Treasurer. We conclude that the above ruling disposes of the necessity of our answering your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. R. King
Wm. J. R. King
Assistant

WJRK:Bt:wc


Approved:
s/Gerald C. Mann
Attorney General of Texas