

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. M. Allen
County Auditor
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-2497
Re: Commissioners' Courts -
Donations.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The National Guard has two companies located in Greenville, Texas. These boys are called out by the State for six weeks training each summer, the expense of which is paid by the State of Texas.

"Now, the men in charge of these boys have requested the commissioners' court of Hunt County to supplement their personal expense on the training trip this summer by donating to them $600.00 to be paid out of the general fund of Hunt County.

"Can the commissioners' court of Hunt County contribute legally $600.00 to the personal expense of these boys and pay same out of the general fund of Hunt County, Texas?"

We are unable to find any constitutional or statutory authority for the expenditure or donation of county funds by the commissioners' court for the purposes above described.

The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred by the Constitution and Statutes of this State. There are abundant authorities to this effect. We cite the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. M. Allen, Page 2

following:

Article 5, Section 18, Texas Constitution;
Article 2351, Revised Civil Statutes of Texas;
Texas Jurisprudence, Vol. 11, pages 563-566;
Bland vs. Orr. 39 SW 558;
Nunn-Warren Publishing Company vs. Hutchison County,
45 SW 2d 651;
Hogg vs. Campbell, 48 SW 2d 515;
Landman vs. State, 97 SW 2d 264;
El Paso County vs. Elam, 106 SW 2d 393;
Howard vs. Henderson County, 116 SW 2d 2791;
Dobson vs. Marshall, 118 SW 2d 621;
Mills County vs. Lampasas County, 40 SW 404.

This department has repeatedly ruled to the same
effect. For example, opinion No. 0-591 of this department
held that the commissioners' court of Galveston County, Texas
was without authority to expend county funds for the employ-
ment of life guards for Galveston Beach; opinion No. 0-1085
of this Department held that the commissioners' court of Marion
County, Texas was without authority to pay the salary of a game
warden; and opinion No. 0-1299 of this department held that the
commissioners' court of Bexar County, Texas, was without author-
ity to expend county funds for fire protection from the City of
San Antonio and in the county.

Conference opinion No. 0-2662 of this Department,
dated February 4, 1927, Book 62, p. 46, 1926-1928 Attorney
General's Report, p. 390 et seq., written by Honorable D. A.
Simmons, First Assistant Attorney General, held that the com-
missioners' court had no authority to appropriate public funds
to charitable organizations managed and controlled by private
individuals and that Constitution of 1876, Art. 3, Sections 50,
51 and 52; Art. 8, Section 3; Art. 11, Section 3, and Art. 16,
Section 6 referred to, prohibit the appropriation of public funds
to charities operated by private individuals.

Opinion No. 0-1001 of this department holds that the
commissioners' court did not have the authority to donate
county funds to the Tuberculosis Association, to the American
National Red Cross or to other charitable or other organizations
making requests for such donations.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department your question should be answered in the negative, and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:AW

APPROVEDJUL 9, 1940

_Glenn R. Lewis_

_Acting_ ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN