

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~XXXXXXXXXXXXXXXXXX~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS



Modified by *WW 683*

Mrs. Willie O'Neal
County Auditor
Carson County
Panhandle, Texas

Dear Madam:

> Opinion No. 0-1919
> Re: Whether the commissioners' court
> is authorized: (1) to lend money
> to the assistance of an indivi-
> dual in the nature of support of
> a pauper without requiring the
> individual receiving the aid to
> sign a pauper's affidavit; (2) to
> employ an assistant in the office
> of the county home demonstration
> agent; (3) to employ a county wel-
> fare worker; and (4) whether the
> salary of the county judge for
> acting as superintendent of pub-
> lic instruction, Article 3888,
> Revised Civil Statutes, is to be
> included in calculating the maxi-
> mum amount that the county judge
> can draw under Article 3883, Ver-
> non's Annotated Civil Statutes.

     In your letter of January 28, you submit four ques-
tions to this department for an opinion thereon, and we will
discuss them in the order in which they are presented in your
letter.

     Question No. 1. "Is it lawful for the
county to lend financial assistance to an in-
dividual in the nature of support of a pauper
without requiring the individual receiving
the aid to sign a pauper's affidavit?"

Article 2351, Vernon's Annotated Civil Statutes, relating to powers and duties of the commissioners' court, in part reads:

"Each commissioners' court shall:

"11. Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylm, residents of their county, who are unable to support themselves. By the term resident as used herein, is meant a person who has been a bona fide inhabitant of the county not less than six months and of the state not less than one year."

The statutes do not make any provision concerning the signing of a pauper's affidavit by one who is to receive support as such from a county. Whether he executes a pauper's affidavit or does not, appears to be a matter left entirely within the discretion of the commissioners' court. The fact that a person executes such affidavit would not be conclusive of the question that he is or is not a pauper, or that he is or is not entitled to support by the county, and certainly is not binding on the county. This question is to be determined by the commissioners' court, and we think it within their discretion as to whether or not such affidavit shall be required of the person seeking county aid on such grounds. The statute quoted contemplates a satisfactory determination of the question of whether a person is entitled to support from the county by whatever investigation or proceeding the commissioners' court chooses, not necessarily dependent on the person's own affidavit or statement. The law, of course, does not contemplate county funds paid out to support persons merely upon their own statement or affidavit.

In answer to your question No. 1, it is therefore the opinion of this department that after the commissioners' court has satisfactorily determined from all reasonable sources that one needing support as a pauper is a resident of the county and unable to support himself, it is within the authority of the court to so find and furnish such necessary aid without requiring a pauper's affidavit executed by such person.

Question No. 2. "Is it lawful for the county to employ an assistant in the office of the County Home Demonstration Agent?"

Article 164, Vernon's Annotated Civil Statutes, provides:

"The Commissioners' Court of any county of this state is authorized to establish and conduct co-operative demonstration work in Agriculture and Home Economics in co-operation with the Agricultural and Mechanical College of Texas, upon such terms and conditions as may be agreed upon by the Commissioners' Court and the Agents of the Agricultural and Mechanical College of Texas; and may employ such means, and may appropriate and expend such sums of money as may be necessary to effectively establish and carry on such demonstration work in Agriculture and Home Economics in their respective counties."

The above statute is an amendment of Article 164, Revised Civil Statutes, 1925, which article as codified limited the expenditure of funds by a county, "not exceeding one thousand dollars per year, for farmers co-operative demonstration work in the county. . ." By the 1927 amendment of said article, Article 164, supra, this limitation was omitted, consequently, the only limitation placed upon the expenditure of county funds under our present statute, is the constitutional limitations of tax levies for county purposes. We assume that your request raises no question as to the legality of such amounts appropriated to meet the expenditures mentioned and as set up in the county budget, but deals solely with the authority of the commissioners' court to employ an assistant to the County Home Demonstration Agent and pay the salary mentioned.

The above act gives broad powers to the commissioners' court and leaves to their judgment the question as to what is "necessary to effectively establish and carry on such demonstration work in Agriculture and Home Economics in their respective counties." That conducting and carrying on such work as provided by the Legislature is "county business" as within the contemplation of Article 5, Section 18 of the Constitution of Texas, has never been questioned.

It answer to your second question, you are respectfully advised that it is within the power and authority of the commissioners' court to determine whether or not the employment of an assistant to a County Home Demonstration Agent is "necessary to the conduct and carrying on of co-

operative demonstration work" in the county under the provisions of Article 164, Vernon's Annotated Civil Statutes.

Question No. 3. "Is it lawful for the county to employ a welfare worker?"

Article V, Section 18, of the Constitution of Texas, creating the commissioners' court, reads in part as follows:

". . . The County Commissioners so chosen, with the county judge, as presiding officer, shall compose the county Commissioners' Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

It will be noted that the above provision provides that the commissioners' court shall "exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of this State, or as may be hereafter prescribed."

Construing this provision, the Supreme Court in Bland vs. Orr, 90 Tex. 495, said:

"The Constitution does not immediately confer jurisdiction upon these (meaning commissioners courts over the county business and subject that jurisdiction to 'such regulations as the Legislature may prescribe,' nor authority generally over such business. The provision from Section 8 of that instrument (already quoted) prescribed: first, that the commissioners' court shall exercise such powers and jurisdiction over all county business as is conferred by the Constitution. . . . It also gives them such powers as are conferred 'by the laws of the State.'. . ."

It appears settled law of this state that the commissioners' court has no general control over county business, but only such powers of control as is conferred by the Constitution itself and the laws of this State.

We are unable to find any statutory authority, expressly or impliedly authorizing the commissioners' court to employ the services of a welfare worker. It has been the policy of the state to be concerned by general legislation in all matters relating to the health, sanitation and relief of its citizens as a whole. The Legislature has not seen fit to vest in the commissioners' court authority to expend county funds for employing case workers, performing duties relating to W. P. A. or relief projects and in the absence of such legislation, we are unable to say that the commissioners' court, charged with the care and support of the indigent of the county as provided in Article 2351, Section 11, have any such implied authority.

In answer to your third question, you are respectfully advised that it is the opinion of this department that the commissioners' court is not authorized to employ a county welfare worker.

Question No. 4. "Is the salary authorized to be paid the County Judge for acting as superintendent of public instruction by Article 3888 Revised Civil Statutes to be included in calculating the maximum amount that the County Judge can draw under Article 3883?"

We find that the above question has been answered in our opinion No. O-67 rendered to your County Attorney, Honorable Frank R. Murray, Panhandle, Texas, approved by the Attorney General January 11, 1939. For your information, we are herewith enclosing a copy of opinion No. O-67, which answers your question No. 4, holding that such salary paid to the County Judge for acting as superintendent of public instruction is to be included in calculating the maximum amount that the County Judge is allowed to draw under Article 3883, Vernon's Annotated Civil Statutes.

Trusting the above answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/ Wm. J. R. King
             Wm. J. R. King
                    Assistant

WJRK:GO:mjs
APPROVED FEB 23, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN