

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL.

*Impliedly overruled*
*O-2727*

August 28, 1952

Hon. John R. Lindsey
County Attorney
Jack County
Jacksboro, Texas

Dear Mr. Lindsey:

Opinion No. V-1517

Re: Authority of the Commis-
sioners' Court to remit
penalty and interest on
taxes delinquent for the
years 1932 and 1933 under
the submitted facts.

You request the opinion of this office upon two ques-
tions and give us a statement of the facts which prompted
your questions. The facts as stated by you are as follows:

"The County has given notice to owners of a
certain tract of land in Jack County stating
that delinquent taxes are due and that suit will
be instituted for their collection. The taxes
delinquent on this tract are for the years 1932
and 1933.

"The tax collector failed to mail out tax notices
on this tract of land to the owners thereof be-
cause the tracts were erroneously carried on
the tax rolls under the names 'unknown owners.'
Notice of delinquency for the years of 1932 and
1933 had never been given to these owners.

"The owners' position is that the tax office was
negligent in rendering the lands to 'unknown
owners' and its failure for twenty years to give
notice to them of any notice of delinquency.
From 1934 to the present date, the land has
been rendered to these owners and they have
paid the taxes each year before they became de-
linquent. They ask the Commissioners Court to
remit the penalty and interest and allow them to
pay the amount of actual taxes."

Your questions are:

"1. Does the Commissioners' Court of Jack
County have power under law to remit penal-
ty and interest on these delinquent taxes and
allow taxpayer to pay only amount of taxes?

"2. Does the Commissioners' Court of the
County by virtue of Art. 7345d, Vernon's Ann.
Statute, have the power to remit penalty and
interest and allow payment of only the origin-
al tax?"

Regardless of the reason for the delinquency of
the taxpayer, the commissioners' court does not have any
constitutional or statutory authority to remit or forgive
the penalty or interest which accrues against delinquent
taxes. The commissioners' court is a court of limited
jurisdiction under the Constitution of this State. Section
18 of Article V of the Constitution with reference to the
commissioners' court, provides in part as follows:

". . . shall exercise such powers and
jurisdiction over all county business as is
conferred by this Constitution and the laws
of the State or as may be hereafter pre-
scribed."

Under this constitutional provision it has been
uniformly held that the commissioners' court possesses
and exercises only such power as the Constitution itself
or the Legislature, consistent with the Constitution, may
confer upon it. Bland v. Orr, 90 Tex. 492, 39 S.W. 558,
(1897); Slaughter v. Hardeman Co., 139 S. W. 662 (Tex.
Civ. App. 1911, error denied); Landman v. State, 97 S.W.
2d 264 (Tex. Civ. App. 1936).

Galveston, H. & S. A. Ry. Co. v. Uvalde County,
167 S. W. 2d 305 (Tex. Civ. App. 1942, error ref. w.o.m.),
states the rule concisely in this language:

"The Commissioners' Court of a county
has only such powers as are expressly or by

necessary implication given it by the Constitution and statutes of this State. [Citing Cases] ...."

A comparatively recent case by the Supreme Court, Canales v. Laughlin, 147 Tex. 169, 214 S.W. 451 (1948), has stated substantially the same thing in the following language:

"The Constitution does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them'. See Mills County v. Lampasas County, 90 Tex. 603, 606, 40 S.W. 403, 404; Anderson v. Wood, 137 Tex. 201, 203, 152 S.W.2d 1084, 1085. While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes."

An examination of the Constitution and the statutes reveals that no expressed power has been conferred upon the commissioners' court to forgive or remit the penalty and interest upon delinquent taxes. Nor does this power arise from necessary implication from any power expressly conferred. Therefore, the answer to your first question is in the negative.

We next pass to the second question which has heretofore been answered by previous opinions of this office, copies of which are enclosed for your information. See opinions numbered O-930, O-7251, O-6257, and O-7412, as well as letter opinion to Hon. W. R. Allen dated August 13, 1947.

These opinions hold that Article 7345d is unconstitutional. It may therefore not be relied upon for any purpose. We have held, however, that upon a hearing and sufficient testimony before the commissioners' court, an assessment may be declared void and a new assessment made by the tax assessor-collector upon the orders of the court. From the facts submitted by you, we do not perceive any reason why the

assessment for the years involved should be considered void. The mere fact that several years' penalty and interest had accrued against the delinquent taxes would not in any manner affect the validity of the assessment.

## SUMMARY

The commissioners' court does not have authority to remit or forgive the penalty and interest which have accrued against delinquent ad valorem taxes. Article 7345d, V.C.S., is unconstitutional, and may not be relied upon for any purpose. Att'y Gen. Op. 0-903, 0-7251, 0-6257, and 0-7412, and letter opinion R-635 (August 13, 1947).

APPROVED:

W. V. Geppert
Taxation Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL mm

Yours very truly,

PRICE DANIEL
Attorney General

By

L. P. Lollar
Assistant