

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 20, 1964

Miss Edna Cisneros
County Attorney
Willacy County
Raymondville, Texas

Dear Miss Cisneros:

Opinion No. C-350

Re: Authority of a county
    official to close his
    office on Saturday with-
    out the consent and ap-
    proval of the Commis-
    sioners Court.

You have requested an opinion as to whether a county official whose office is created by the Constitution of Texas is authorized to keep his office closed each Saturday without the consent and approval of the Commissioners Court.

The Commissioners Court is a court of limited jurisdiction and has only such powers as are conferred upon it by the statutes and Constitution of this State, whether by express terms or by necessary implication. Section 18, Article V, Constitution of Texas; Article 2351, Vernon's Civil Statutes; Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1897); Mills v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); Starr County v. Guerra, 297 S.W.2d 379 (Tex.Civ.App. 1956); Van Rosenberg v. Lovett, 173 S.W. 508 (Civ.App. 1915, error ref.).

The Commissioners Court may not interfere or usurp the sphere that is delegated to a county official by law. Pritchard & Abbott v. McKenna, ___ Tex. ___, 350 S.W.2d 335 (1961).

We know of no provision in the Constitution or statutes of this State authorizing the Commissioners Court to prescribe the office hours of a county official or the days which a county official would be required to keep his office open. Therefore, such matters are left to the determination of the county official.

In Attorney General's Opinion O-6679 (1945), on a similar question, it was held:

"Although Section 10 of Article XVI
of our State Constitution provides that

-1661-

'The Legislature shall provide for deductions from the salaries of public officers who may neglect the performance of any duty that may be assigned to them by law,' we know of no provision in the Constitution or statutes of this State requiring County offices to be open to the public for any specific time other than for a reasonable time. Nor do we know of any provision in the Constitution or statutes of this State authorizing the Commissioners' Court to pass an order requiring county offices to be open to the public six 8-hour days (or 48 hours) per week."

In view of the foregoing, you are advised that a county official is authorized to keep his office closed each Saturday without the consent and approval of the Commissioners Court.

## SUMMARY

No provision in the Constitution or statutes of this State authorize the Commissioners Court to prescribe the days which a county official shall keep his office open, and no provision in the statutes or Constitution requires county offices to be open to the public for any specific time other than for a reasonable time. Therefore, a county official is authorized to keep his office closed each Saturday without the consent and approval of the Commissioners Court.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

Miss Edna Cisneros, page 3 (C-350)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Lemens
Gordon Cass
Arthur Sandlin
Ivan Williams

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler