

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 15, 1968

Hon. John L. David,                         Opinion No. M- 195
County Attorney
Dallam County Courthouse                    Re: Whether Vernon's Code
Dalhart, Texas  79022                           of Criminal Procedure
                                                authorizes appointment
                                                of counsel by a magistrate
                                                for an indigent prior to
                                                examining trial, how
                                                indigency is determined,
                                                and the proper fees and
                                                investigation expenses
                                                to be paid by a county
Dear Mr. David:                                 in relation thereto.

     Your recent request for an opinion of this office presents the following questions:

     1.  Whether a magistrate is authorized to appoint counsel for an indigent at the time such accused is brought before him following arrest?

     2.  Whether the county is authorized to pay a fee to such attorney appointed by the magistrate?

     3.  What constitutes indigency so as to require appointment of counsel for an accused?

     4.  Whether a court-appointed, non-resident attorney in a capital case is entitled to reimbursement for expenses such as travel, room and board?

     Regarding your first question, Article 14.06* provides the following:

---

    *Unless otherwise noted, all Articles cited herein refer to Vernon's Code of Criminal Procedure.

"In each case enumerated in this Code, the
person making the arrest shall take the person
or have him taken without unnecessary delay be-
fore the magistrate who may have ordered the
arrest or before some magistrate of the county
where the arrest was made without an order.
The magistrate shall immediately perform the
duties described in Article 15.17 of this Code."
(Emphasis added).

Article 15.17 reads as follows:

"In each case enumerated in this Code, the
person making the arrest shall without unnecessary
delay take the person arrested or have him taken
before some magistrate of the county where the
accused was arrested. The magistrate shall inform
in clear language the person arrested of the
accusation against him and of any affidavits filed
therewith, of his right to retain counsel, of
his right to remain silent, of his right to have
an attorney present during any interview with
peace officers or attorneys representing the
State, of his right to terminate the interview
at any time, of his right to request the appoint-
ment of counsel if he is indigent and cannot
afford counsel, and of his right to have an exam-
ing trial. He shall also inform the person
arrested that he is not required to make a state-
ment and that any statement made by him may be
used against him. The magistrate shall allow the
person arrested reasonable time and opportunity
to consult counsel and shall admit the person
arrested to bail if allowed by law." (Emphasis added.)

Magistrates may appoint counsel for an indigent at an
examining trial by virtue of Article 16.01, which provides
as follows:

"When the accused has been brought before a
magistrate for an examining trial that officer
shall proceed to examine into the truth of the
accusation made, allowing the accused, however,
sufficient time to procure counsel. In a

proper case, the magistrate may appoint counsel
to represent an accused in such examining trial
only, to be compensated as otherwise provided in
this Code. The accused in any felony case shall
have the right to an examining trial before indict-
ment in the county having jurisdiction of the
offense, whether he be in custody or on bail, at
which time the magistrate at the hearing shall
determine the amount or sufficiency of bail,
if a bailable case." (Emphasis added.)

Article 2.09 designates who magistrates are within the
meaning of the Code:

"The judges of the Supreme Court, the judges
of the Court of Criminal Appeals, the judges of
the District Court, the county judges, the judges
of the county courts of law, judges of the county
criminal courts, the justices of the peace, the
mayors and recorders and judges of the city courts
of incorporated cities or towns."

Whenever an investigation and interrogation centers on
an accused, his rights to an attorney shall be accorded to
him upon request; and once such request is made, no further
interrogation may take place in the attorney's absence.
Escobedo v. Illinois, 12 L.ed 2d 977, 84 S.Ct. 1758, 378 U.S.
478 (1964). In Miranda v. Arizona, 16 L.ed 2d 694, 86 S.Ct.
1602, 384 U.S. 436 (1966), the United States Supreme Court imposed
a duty on arresting officers to warn the accused at the time he
is taken into "custody" and before interrogation begins of his
right to counsel, and, if he is indigent, his right to have the
court appoint him counsel.

Since Article 16.01 specifically authorizes magistrates
to appoint an attorney to represent an accused in a proper case
at an examining trial, and Article 15.17 charges magistrates with
the duty of informing such accused of his rights to appointed
counsel, it is our opinion that a magistrate has the duty to
to appoint an attorney for an indigent accused person if
requested.

We are supported in this conclusion by the requirements
set forth by the United States Supreme Court in Escobedo v.
Illinois, supra and Miranda v. Arizona, supra.

Your next question concerns whether the county is authorized to pay an attorney who was appointed at a magistrate's hearing immediately following arrest to assist an accused who is "too poor to employ counsel." Article 26.05 provides a schedule for payment to counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment for each day in trial court representing the accused. Also, Article 16.01 provides that an attorney appointed to represent the accused in an examining trial shall be compensated as otherwise provided in the Code. In Attorney General's Opinion No. C-654 (1966), this office stated that attorneys appointed to represent an accused in an examining trial were entitled to be compensated in accordance with provisions of Article 26.05. It is our opinion that the first appearance "in trial court" would be the appearance at the examining trial.

We find no authority in the laws of this state for payment of fees to an attorney appointed by a magistrate to assist an accused indigent other than when appearing in court either in examining trials or in other trials and in conducting an appeal. See Article 26.05.

The Commissioners Court is one of limited jurisdiction and has only such powers as are conferred upon it by the statutes and constitution of this state, whether by express terms or by necessary implication. Section 18, Article V, Constitution of Texas; Article 2351, Vernon's Civil Statutes; Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1897); Mills v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); Starr County v. Guerra, 297 S.W.2d 379 (Tex.Civ.App. 1956, no writ); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, err.ref.) Therefore, it is our opinion that when a magistrate appoints counsel for an indigent at the time such accused is brought before him following arrest, the county is without authority to pay such attorney for his assistance rendered prior to appearance "in trial court."

In answer to your third question, it is our opinion that whether an accused person is indigent and cannot afford counsel is a fact issue for determination by the magistrate or court requested to appoint counsel for an accused. This office does not render opinions resolving fact issues. A. G. Opinion M-187 (1968). You are further advised that a magistrate shall require

an accused person to file an affidavit and receive evidence and testimony concerning the facts of his indigency and inability to afford counsel.

Article 26.04 provides in part as follows:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence." (Emphasis added.)

While there is no provision requiring filing of an affidavit by the accused, other than set forth in Article 26.04, it is our opinion that a magistrate requested to appoint counsel for an accused may require the filing of an affidavit to such facts of indigency, and hear testimony or other evidence in making the determination as to whether the accused is indigent and should have counsel appointed for him.

It is pointed out that under the holdings of Escobedo v. Illinois, supra, and Miranda v. Arizona, supra, a magistrate should exercise caution in denying appointment of counsel when requested by an accused because all further proceedings against the accused may become a nullity should the accused later prove that he was an indigent, had requested counsel, and was refused same.

You next ask whether an out-of-county counsel appointed to represent an indigent in a capital case is entitled to reimbursement for expenses such as travel, room and board. Whether appointed counsel is entitled to reimbursement for these expenses depends upon the purpose for which they were incurred. Article 26.05 provides that a court-appointed counsel shall be paid "For expenses incurred for purposes of investigation and expert testimony, not more than $250." (Emphasis added.)

It is the opinion of this office, therefore, that if the purpose of the travel, lodging and board is for investigatory purposes, appointed counsel are entitled under the provisions of Article 26.05 to reimbursement for actual expenses incurred and paid by him including expense of expert testimony in a sum not to exceed $250.00.

On the other hand, if the purpose which necessitated the incurring of the expenses for travel, room and board for the out-of-county counsel was not investigatory in nature, but is for attending trial in court, it is the opinion of this office that said attorney is not entitled to reimbursement for these expenses.

## S U M M A R Y

1.  If requested, a magistrate has a duty to appoint an attorney for an indigent accused person at the time such accused is brought before him following arrest.

2.  The county is not authorized to pay an attorney who was appointed by a magistrate to assist an indigent person, except in those cases where statutory authority exists for such payment, i.e. the examining trial, the actual trial itself, or an appeal.

3.  Whether an accused person is indigent is a fact issue for determination by the magistrate or court requested to appoint counsel for such an accused. A magistrate, however, may require the accused person to file an affidavit and may receive other evidence and testimony concerning the facts of his indigency and inability to afford counsel.

4.  Counsel appointed under the provisions of Article 26.05, Vernon's Code of Criminal Procedure, to represent an indigent person in a capital case is not entitled to reimbursement for travel, room and board in connection with the trial of such accused,

but is entitled to reimbursement for actual expenses incurred and paid by him for purposes of investigation and expert testimony in a sum not to exceed $250.00.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton and
Robert E. Owen
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
W. V. Geppert
Lonny Zwiener
Harold Kennedy
Jack Sparks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.