

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 17, 1969

Honorable Sam L. Gayle, Jr.
County Attorney
Jackson County
Edna, Texas

Opinion No. M- 473

Re: Whether, under the facts
submitted, a County Judge
is disqualified from pre-
siding at condemnation
trials and related ques-
tions.

Dear Mr. Gayle:

In your request for an opinion from this office, you submit the following facts:

"The County Judge of Jackson County has refused to preside at condemnation proceedings in this County. A special judge has been appointed to preside at these hearings by consent of the parties and County funds are being used by order of the Commissioners Court to pay said special judge. This payment together with the court order for same, is evidenced by the enclosed photo-copy. In no condemnation case which I have reference to have the parties thereto objected to the regular County Judge presiding or has any hearing been held and it determined therein that the said Judge is disqualified by law.

"Further, in none of these cases does it appear that the County Judge is disqualified to serve by reason of either kinship to the parties, an interest in the subject matter of the suit, or has he been of counsel therein."

With regard to these facts, you ask the following questions, which we quote as follows:

"(1) Is the County Judge disqualified from presiding at condemnation proceedings by reason of his appointment of special commissioners to assess damages in said cases?

- 2359 -

"(2) Does any case, statute, or law pertaining to this State allow the County Judge to disqualify himself from presiding on condemnation cases when he is not legally disqualified?

"(3) Can County Funds be expended to pay a special County Judge who has been appointed by consent of the parties to preside at condemnation proceedings when the regular County Judge is not legally disqualified from presiding at said condemnation proceedings in County Court?"

Section 11, Article V, Constitution of Texas, provides, in part, as follows:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. . . ."

In reference to this constitutional provision, it is stated in 33 Tex.Jur.2d, 391-392, Judges, §27, as follows:

". . .These inhibitions are not only mandatory, they are exclusive; that 's, they specify all the circumstances that forbid a judge to sit. Thus, a judge is not disqualified because of bias or prejudice, because of previous rulings made by him, nor because of inability to attend to his duties, . . ."

Thus, where it is not shown that a County Judge has any interest in a county condemnation proceeding other than as a taxpayer and as a member of the Commissioners Court, the County Judge's interest in the case is not sufficient to constitute the disqualification of the Judge to appoint commissioners to assess damages or to preside at the trial. Gossett v. State, 417 S.W.2d 730 (Tex.Civ.App. 1967, error ref.n.r.e.), and the authorities therein cited. Therefore, in answer to your first question, you are advised that under the facts submitted, it is our opinion that by reason of the provisions of Section 11, Article V, Constitution of Texas, and the holding in Gossett v. State, supra, the County Judge is not disqualified from presiding at condemnation cases by reason of his appointment of special commissioners to assess damages in said cases.

The County Judge and County Court of Jackson County have jurisdiction over matters of eminent domain as provided in Articles 1959, 1960 and Articles 3264-3271, Vernon's Civil Statutes. Therefore, in answer to your second question, you are advised that it is our opinion that in the absence of legal disqualification, the County Judge as presiding officer of the County Court, has a duty to preside in condemnation cases in Jackson County.

We have found but one occasion on which the parties to a suit may, by consent, appoint a proper person to try a case. This occasion arises only when the regular Judge is legally disqualified. It is evident from the facts submitted that the parties purported to appoint a special judge under the authority of the provisions of Section 16, Article V, Constitution of Texas, and Articles 1930, 1933 and Article 3266.

Since we have concluded that the County Judge is not legally disqualified from presiding in condemnation cases in Jackson County, it is therefore our opinion that the purported appointment of a special County Judge by consent of the parties under the facts submitted was without legal authority and was invalid. However, under the facts submitted, a special County Judge could have been selected under the provisions of Article 1934, Vernon's Civil Statutes. This Article reads as follows:

> "If a county judge fails to appear at the time appointed for holding the court, or should he be absent during the term or unable or unwilling to hold the court, a special county judge may be elected in like manner as is provided for the election of a special district judge. The special county judge so elected shall have all the authority of the county judge while in the trial and disposition of any case pending in said court during the absence, inability, or such refusal of the county judge. Similar elections may be held at any time during the term, to supply the absence, failure or inability of the county, or any special judge, to perform the duties of the office. When a special county judge shall have been so elected, the clerk shall enter upon the minutes of the court, a record such as is provided for in like cases in the district court."

The manner of election of a special County Judge specified in Article 1934 is provided for in Articles 1887-1893, Vernon's

Civil Statutes.

The Commissioners Court of Jackson County would have been authorized to compensate a special County Judge elected under the statutory provisions, supra, by the authority of Articles 1933 and 6821, Vernon's Civil Statutes. However, there is no authority for the Commissioners Court to order compensation of a special County Judge selected by agreement of the parties to a case when the regular County Judge is not disqualified by law to preside over condemnation cases. The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred upon them by the Constitution and statutes of this State, either by express terms or by implication. Art. V, Sec. 18, Constitution of Texas; Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1897); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1925, no writ); Landman v. State, 97 S.W.2d 264 (Tex.Civ.App. 1936, error ref.); El Paso County v. Elam, 106 S.W.2d 393 (Tex.Civ.App. 1937, no writ); Hill v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App. 1952, error ref. n.r.e.).

Consequently, in answer to your third question, it is our opinion that in view of the foregoing authorities the Commissioners Court of Jackson County was not authorized to order the expenditure of county funds to pay the appointee who has presided in these cases by consent appointment of the parties.

## S U M M A R Y

Under the provisions of Section 11, Article V, Constitution of Texas, and the holding in Gossett v. State, supra, the County Judge, in view of the facts submitted, is not disqualified from presiding at condemnation cases by reason of his appointment of special commissioners to assess damages in said cases.

The purported appointment of a special county judge by consent of the parties under the facts submitted was without legal authority and was invalid. However, under the facts submitted, a special County Judge could have been selected under the provisions of Article 1934, Vernon's Civil Statutes.

Hon. Sam L. Gayle, Jr., page 5 (M-473)

The Commissioners Court of Jackson County was not authorized to order the expenditure of county funds to pay the special County Judge, who was purportedly appointed by consent of the parties to preside in condemnation cases in Jackson County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bill Craig
Lonny Zwiener
Bill Allen
Monroe Clayton

HAWTHORNE PHILLIPS
Executive Assistant

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant