

CRAWFORD C. MARTIN
ATTORNEY GENERAL

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

August 16, 1971

Honorable Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78204

Dear Mr. Butler:

Opinion No. M-936

Re: Authority of the Commissioners Court of Bexar County to make payments to the Industrial Development Commission of Metropolitan Bexar County.

You have requested our opinion on whether the Commissioners Court of Bexar County may make a grant to the Industrial Development Commission of Metropolitan Bexar County, a non-profit corporation, for the purpose of promoting industrial development in Bexar County.

The Commissioners Court is a court of limited jurisdiction and has only such powers as are conferred upon it by the statutes and Constitution of this State, whether by express terms or by necessary implication. Section 18, Article V, Constitution of Texas; Article 2351, Vernon's Civil Statutes; Bland v. Orr, 90 Tex. 492, 39 S. W. 558 (1897); Mills v. Lampasas County, 90 Tex. 603, 40 S. W. 403 (1897); Anderson v. Wood, 137 Tex. 201, 152 S. W. 2d 1084 (1941); Canales v. Laughlin, 147 Tex. 169, 214 S. W. 2d 451 (1948); Starr County v. Guerra, 297 S. W. 2d 379 (Tex. Civ. App. 1956); Van Rosenberg v. Lovett, 173 S. W. 508 (Tex. Civ. App. 1915, error ref.); Attorney General Opinion No. C-350 (1964.)

Section 1 of Article 2352d, Vernon's Civil Statutes, applicable to Bexar County, authorized the Commissioners Court to expend money for the purpose of advertising and promoting the growth and development of the county. However, before such expenditure may be made it must first be approved by a majority vote of the qualifying taxpaying voters of the county voting at an election called for such purpose. Attorney General Opinions R-2136 (1950), V-1238 (1951) and C-39 (1963.) It was held in these opinions that in the absence of such election, expenditures of county funds for purposes similar to those stated in your request may not be made.

You state in your request that no election pursuant to the provisions of Article 2352d, Vernon's Civil Statutes, has been held in Bexar County, and we know of no other provision in the statutes of this State authorizing such expenditure. We are therefore in agreement with you that the Commissioners Court of Bexar County is not authorized to expend moneys for the purpose outlined in your request.

## SUMMARY

Since no election has been held in Bexar County pursuant to the provisions of Article 2352d, Vernon's Civil Statutes, the Commissioners Court is not authorized to expend money for the purpose of making a grant to a non-profit corporation to promote industrial development in Bexar County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Robert Lemens
Gordon Cass
Melvin Corley
Lewis A. Jones

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant