COMMISSIONERS' COURT OF MADISON COUNTY ET AL. V. GEORGE F. WALLACE ET AL.

No. 4598.   Decided March 20, 1929.
(15 S. W., 2d Series, 535.)

280

*A. J. Harper, A. J. Harper, Jr., W. M. Harris, E. B. Robertson* and *Cone Johnson,* for plaintiffs in error.

The Legislature having conferred authority upon the Commissioners' Courts to contract for the making of an abstract of property assessed, or unknown and unrendered and delinquent for taxes and to make a map or plat system or map of blocks and subdivisions of surveys and furnish the same to the assessor, it was within the province and power of the Commissioners' Court of Madison County to enter into the contract in controversy with Harper and Harper for the performance. Art. 7335, R. C. S., 1925; Article 7344, Revised Civil Statutes of 1925.

The Commissioners' Court at the time of making the contract had funds, to-wit, uncollected delinquent taxes, within its immediate control, to pay the warrants to be issued thereunder, and the Court in good faith intended such warrants to be paid, and they can be paid out of said funds, and it is so provided in the contract; no necessity existed for the levy of any additional tax. Berlin Iron-Bridge Co. v. City of San Antonio, 50 S. W., 409; McNeal

v. City of Waco, 89 Texas, 87; Harper v. Thompson, 280 S. W., 861.

Though the means or method of providing for the payment of the contract should prove to be illegal, nevertheless the contract is a valid and binding contract and payment must be made by the County out of any fund which can be legally used for that purpose. Certainly the common County fund was available for the payment of the contract price for the services to be performed, embracing the common County fund as supplemented by the collection of delinquent taxes belonging to such common County fund. Hitchcock v. Galveston, 96 U. S., 341; United States v. Mason Co., 99 U. S., 582, 109 U. S., 229; United States v. Clark, 96 U. S., 211; Denny v. Spokane, 79 Fed., 719; Burlington Savings Bank v. Clinton, 106 Fed., 269; Barber Asphalt Paving Co. v. Honisberg, 64 Fed., 283.

In Pickle v. Finley, 91 Texas, 485, 44 S. W., 480, our Supreme Court recognizes the rule that a legislative act will be given such construction, if possible, as will bring the operation thereof within the constitutional powers of the Legislature to enact the same. Other cases illustrative of the principle are: Sutherland on Statutory Con. 83, 289; Adams Fish Market v. Sterrett, 106 Texas, 562; Madden v. Hardy, 92 Texas, 613; Johnson v. Hanscom, 90 Texas, 321; Callaghan v. McGown, 90 S. W., 319; McCullough v. Virginia, 172 U. S., 102; Atkins v. State Highway Com., 201 S. W., 226.

*J. M. Brownlee, R. V. Armstrong,* and *F. L. Henderson,* for defendant in error.

Where the law authorizes Commissioners' Courts to make contracts with parties to prepare a map or plat book or abstract of delinquent taxes and requires the expenses thereof to be paid for by the county, the Commissioners' Court does not have the power to use either the current or delinquent taxes belonging to any except the general fund to pay the expenses thereof.

Under the provisions of Articles 7263 and 7271 of the Revised Statutes it was the duty of the Tax Collector to prepare a list of delinquent taxes for each current year and report the same to the Commissioners' Court and to the State Comptroller, and the Commissioners' Court of Madison County was not authorized to contract with someone to perform said duty in the place of the duly appointed Tax Collector.

It is the duty of the County Attorney to file suits for delinquent taxes. Article 7335 does not provide for the Commissioners' Court to use the State's funds or constitutional or special bond funds for the purpose of employing an attorney to collect the delinquent taxes on a percentage basis, nor does it authorize the use of the entire delinquent taxes for an abstract or a plat book, and the court had no authority to use delinquent funds in the manner provided in said contract. Wallace v. Commissioners' Court of Madison County, 281 S. W. 593; Stringer v. Franklin County, 123 S. W., 1168; Rev. Stats., Arts. 7263, 7271, 7344, 7335, 7331, 7260; Currall v. Williams, 202 S. W., 504; Moore v. Kaufman, 189 S. W., 94, 200 S. W., 374; Sanders v. Looney, 225 S. W., 280; Pendleton v. Ferguson, 89 S. W., 758; City of Houston v. Glover, 89 S. W., 425; Tarrant County v. Rogers, 125 S. W., 592, 135 S. W., 110; Baldwin v. Travis County, 88 S. W., 480; State v. Railway Co., 247 S. W., 182; Terrell v. Green, 31 S. W., 631; Houston Oil Co. v. State, 141 S. W., 805; City of Sherman v. Williams, 19 S. W., 606; City of Terrell v. Dissaint, 9 S. W., 593.

The Commissioners' Court cannot create any debt unless provision is made at the time of creating same for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent as a sinking fund. Article 11, Section 7, State Constitution; Article 5, Section 18, State Constitution; Article 11, Sections 6 and 7, State Constitution; Baldwin v. Travis County, 88 S. W., 480; Seward v. Falls County, 246 S. W., 728; Bland v. Orr, 39 S. W., 558, 90 Texas, 492; Dean v. Lufkin, 54 Texas, 265; Sherman v. Williams, 94 Texas, 421; Howard v. Smith, 91 Texas, 8; Case v. Camp County, 218 S. W., 1; Lassiter v. Lopez, 202 S. W., 1039; Lasater v. Lopez, 217 S. W., 373; Austin v. Cahill, 99 Texas, 172; City of Terrell v. Dissaint, 9 S. W., 593; City of Corpus Christi v. Woessner, 58 Texas, 462; Dwyer v. Brenham, 65 Texas, 526; McNeal v. Waco, 89 Texas, 83; Hall v. San Antonio, 32 S. W., 263; Rubber Co. v. Cleburne, 56 S. W., 220; Andrus v. Crystal City, 265 S. W., 550; Carroll v. Williams, 202 S. W., 504; Henderson County v. Burke, 262 S. W., 94.

Under Articles 1626 and 1628 it is provided that all claims against the County shall be registered in three separate classes and the Treasurer is required to place the funds of the county to the credit of the respective funds for which it is collected. The Commissioners' Court has no power to transfer money from one of said funds to any other. And the Commissioners' Court has no power to divert

any part of the constitutional fund provided by law and thereby create an abstract, map and plat system fund, Class A, as attempted under the contract. Article 8, Section 7, Constitution; Article 9, Section 9, Constitution; Wallace v. Commissioners' Court, 281 S. W., 594; Articles 1626, 1628, Rev. Statutes; Articles 7260, 7261, 7244, Rev. Statutes; Stringer v. Franklin County, 123 S. W., 1168; American Surety Co. v. Trustees, 224 S. W., 292.

The Commissioners' Court had no authority to use the entire delinquent tax funds for each of the purposes named in the contract and the contract herein was and is unauthorized by law and the Commissioners' Court has no authority to use delinquent tax funds as collected in the manner provided therein. Wallace v. Commissioners' Court, 281 S. W., 595; Stringer v. Franklin County, 123 S. W., 1168; other cases heretofore cited.

The two acts to be performed under the contract were (a) making an abstract of the tax records of Madison County, and (b) making a plat of the various surveys in said county. The first act would not require professional or scientific skill or technical knowledge, nor would the making of the plat.

Article 7335 does not authorize the Commissioners' Court to use state funds or constitutional or special bond funds to pay for an abstract of property assessed or unknown and unrendered. Stringer v. Franklin County, 123 S. W., 1169; Wallace v. Madison County, 281 S. W., 593; Henderson County v. Burke, 262 S. W., 94; Houston Oil Co. v. State, 141 S. W., 805.

Where the law authorizes the Commissioners' Court to make contracts with parties to prepare a map or plat book or an abstract of delinquent taxes and requires the expenses thereof to be paid for by the County, the Commissioners' Court does not have the power to use either the current or delinquent taxes belonging to any except the general fund to pay the expenses therefor. Commissioners' Court v. Burke, 262 S. W., 94; Carroll v. Williams, 202 S. W., 504; Wallace v. Madison County, 281 S. W., 593; American Surety Company v. Trustees, 224 S. W., 292.

Mr. Justice PIERSON delivered the opinion of the Court.

On August 10, 1925, the Commissioners' Court of Madison County entered into a contract with A. O. and M. W. Harper, in substance as follows:

Harper & Harper agreed to make a complete abstract of property assessed or unknown and unrendered upon which taxes were

delinquent in Madison County, from 1885 to 1925, inclusive, together with a complete plat and map system or block map of all the lands in Madison County and the cities and towns thereof, and where necessary to make survey of tracts or parcels of land in order to identify the land contained therein; to ascertain the amount of delinquent taxes due by each taxpayer on each separate tract, and to make report to the Commissioners' Court showing the excess of land in surveys in the county that had not been rendered for taxes.

As compensation, said Harper & Harper were to receive $7500 in warrants, to be "paid from the total of the first collections of delinquent taxes, penalty, and interest" due in twenty-four months, said warrants to draw interest at six per cent; and, in addition, they were to receive 25% of all other delinquent taxes, penalties, and interest to be collected.

Defendants in error, George F. Wallace and others, brought this suit seeking to enjoin Harper & Harper, the Commissioners' Court and the County Treasurer of Madison County, parties to the above contract, from enforcing same, and to declare same null and void. The District Court granted a temporary injunction, but on motion dissolved same. On appeal, the Court of Civil Appeals for the Tenth District held that under the Constitution and laws of this State the Commissioners' Court was without power to make said contract, and that same is null and void.

The parties to the contract were attempting to contract under the authority of Articles 7335 and 7344 of the Revised Civil Statutes of 1925.

Article 7335 reads in part as follows:

"Whenever the commissioners' court of any county after thirty days' written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, and said court is further authorized to pay for an abstract of property assessed or unknown and unrendered from the taxes, interest and penalty to be collected on such lands, but all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest."

Article 7344 provides:

"In counties in which the subdivisions of surveys are not regularly numbered, and in cities or towns in which the blocks or sub-

divisions are not numbered, or are so irregularly numbered as to make it difficult or impossible for the assessor to list the same, the commissioners' court of such counties may have all the blocks and subdivisions of surveys platted and numbered so as to identify each lot or tract, and furnish the assessor with maps showing such numbering; and an assessment of any property by such numbering on said maps shall be sufficient description thereof for all purposes. Such maps or a certified copy of same or any part thereof, shall be admissible as evidence in all courts. The cost of making said survey and plats shall be defrayed by the county in which said property is situated, and of which said commissioners' court ordered the said surveys and plat made and the cost of any map of a town or city shall be paid by such city or town when ordered by the town or city."

In discussing the case the Court of Civil Appeals says:

"The Commissioners' Court cannot create any debt unless provision is made at the time of creating same for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent as a sinking fund. Article 11, Section 7, State Constitution."

Continuing, the Court says:

"Under Articles 1626 and 1628 of the Statutes, it is provided that all claims against the county shall be registered in three separate classes, and the Treasurer is required to place the funds of the county to the credit of the respective fund for which it was collected. The Commissioners' Court has no power to transfer money from any one of said funds to any other. The County Tax Collector for each county is, under Articles 7260 and 7261 of the Statutes, required to make monthly reports and remit all state taxes collected to the State Treasurer and the county taxes to the County Treasurer. The Commissioners' Court has no power to divert any part of the constitutional funds provided by law and thereby create an 'Abstract, Map and Plat System Fund—Class A,' as attempted under the contract."

The court cites Carroll v. Williams, 109 Texas, 155, 202 S. W., 504, and Commissioners' Court of Henderson County v. Burke, 262 S. W., 94, in support of this view.

We think the principles announced and the cases cited do not apply to the contract here involved. In the first place it is clear, we think, that no "debt" is incurred here necessitating that "provision" be made "for levying and collecting a sufficient tax to pay the in-

terest thereon and provide at least two per cent as a sinking fund" for its ultimate payment, as contemplated in Section 7 of Article 11 of the Constitution. The contract specifically stipulates that no payment is to be made except out of the taxes actually collected, as provided in Article 7335.

The contract here does not involve the question of the transfer of money from one fund to another.

Article 7335 authorizes a county commissioners' court "to pay for an abstract of property assessed or unknown and unrendered from the taxes, interest and penalty to be collected on such lands," such payment being contingent upon the collection of such taxes, interest, and penalty. This is legislative authority for said commissioners' court to contract and pay for such an abstract of property out of such collections, including the State's part of such taxes, or what would be the State's part of such taxes, if or when it was collected and turned into its funds.

It was held in Carroll v. Williams, 109 Texas, 155, 202 S. W., 504, as stated by the Court of Civil Appeals, that Article 1630, formerly Article 1440, authorizing Commissioners' Courts to transfer money on hand from one fund to another, applied only to funds created by statute, and not to those created by the Constitution. But the question here to be decided is, whether the Constitution prohibits Commissioners' Courts from contracting to pay a part or a per cent of delinquent taxes for necessary aids in collecting them, even though when collected a portion of such taxes belongs to the State or to funds provided for by the Constitution. The issue here is not whether a fund may be used for a purpose different to that for which it was created; neither is it a determination for what purposes a fund or moneys collected may be used, but whether or not the Legislature, by proper enactment, may authorize the extra expense of securing abstracts of property, maps, and plats necessary to the collection of delinquent taxes, to be paid for out of a part or per cent. of such taxes when collected. The question is not misappropriation or misapplication of a fund, but may a part of uncollected taxes be used in defraying the expense of the collection under legislative sanction? We think so. This is the basis upon which taxes generally are collected, the State and the County alike bearing a part of the cost of collection. Article 8, Section 3 of the Constitution provides:

"Taxes shall be levied and collected by general laws and for public purposes only."

By general laws for collection of taxes the Legislature in numerous instances has authorized payment for services necessary or incident to collection of taxes to be made from a per cent of the taxes collected. (See provisions for collection of inheritance taxes, delinquent taxes, etc.)

Under Article 3939 of the statutes, the regular county tax collectors are paid a per cent of the amount collected.

As said by the Court of Civil Appeals in its opinion, "the commissioners' court is a creature of the State Constitution, and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature." Constitution, Article 5, Section 18; Baldwin v. Travis County, 40 Texas Civ. App., 199, 88 S. W., 480; Seward v. Falls County, 246 S. W., 728; Bland v. Orr, 90 Texas, 492, 39 S. W., 558.

It will be observed that Article 7335 of the statutes authorizes the Commissioners' Court of a county to contract for an abstract of property and pay for same "from the taxes, penalty and interest to be collected on said lands," and provides that "all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest."

A complete abstract of property, true, correct, definite, and sufficient to identify the property and to disclose who is the owner thereof and the tax lien or delinquent tax against the property, in order to be of service in tax suits, as contemplated by this Article 7335 of the statutes, would necessarily, or at least reasonably, include maps, plats, and other aids as parts of such abstract of property. The Article provides that *"all such* payment and expenses" shall be met "from the taxes, penalty and interest" to be collected, and contingent upon their collection.

The Commissioners' Court must have authority of law for its contract, and when the authority is given, a reasonable construction of it will be given to effect its purpose.

Therefore it is our duty to uphold the contract herein in all its parts, except when provision is made for interest on warrants issued. The provision for interest is void, as being in violation of the express provisions of the statute. The statute does not authorize the creation of a debt, but stipulates that payment shall be made from the taxes, penalty and interest collected, and *contingent* upon their collection. The striking out of this interest provision of the contract does not, however, affect the validity of the contract in other respects.

Article 7344 authorizes the Commissioners' Court of a county to have blocks and subdivisions of surveys platted and numbered "so as to identify each lot or tract, and furnish the assessor with maps showing such numbering," and provides that same shall be sufficient description for all purposes of assessment, and that same shall be admissible in evidence in all courts. This a county may do, and pay for it out of its general fund as in other cases.

A similar contract is upheld in the case of Cherokee County et al. v. A. R. Odom, Tax Collector, opinion delivered to-day. Reference is made to that opinion for discussion of some other issues touching the validity of the contract and of Article 7335 of the statutes.

The judgment of the Court of Civil Appeals is reversed, and that of the District Court is affirmed.

*Reversed and judgment of trial court affirmed.*