

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

Gerald C. Mann
WXXIXXXXIXXXXXXXXX
ATTORNEY GENERAL

April 20, 1939

(See O-638-A (Conference
Opin. 3073)

Hon. Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-638
Re: Authority of Commissioners' Court to
expend county funds for transportation of
W.P.A. workers engaged in drilling wells
and testing the mineral contents of water
in the county.

With reference to your letter of April 10th, to which the
above opinion number has been assigned, kindly be advised that same
has received the attention of this Department as per your request
contained therein which reads:

"Can the Commissioners' Court legally expend county
funds for transportation of WPA workers engaged in drill-
ing wells and testing the mineral content of water over
the county--such work being supervised by the Board of
Water Engineers with the purpose of preparing a statisti-
cal map?"

Article 5, Section 18 of the Constitution of Texas, creat-
ing the Commissioners' Court, reads in part as follows:

"....The County Commissioners so chosen, with the
county judge, as presiding officer, shall compose the
county Commissioners' Court, which shall exercise such
powers and jurisdiction over all county business, as is
conferred by this Constitution and the laws of the State,
or as may be hereafter prescribed."

The Commissioners' Court of a county is a creature of the
Constitution under Article 5, Section 18, and its powers are limited
and controlled by the Constitution and the laws passed by the Legis-
lature.--Commissioners' Court of Madison County et al vs. Wallace et
al--(Supreme Ct.) 15 SW 2nd 535.

We are unable to find any statutory authority, expressed or
implied, granting to the Commissioners' Court the power to expend
county funds for the transportation of W.P.A. workers engaged in test-
ing the mineral content of water throughout their respective counties.
The fact that such work is supervised by the Board of Water Engineers
would have no weight upon the question of whether or not the Commis-
sioners' Court had such authority. There being no statutes on the sub-
ject, such project in question would not come within the meaning of

"county business" over which the Commissioners' Court can exercise
a general authority, in the absence of special powers specifically
conferred by the Constitution and laws of this State.--Bland vs.
Orr, 90 Tex. 492.

It is, therefore, the opinion of this Department that the
Commissioners' Court is unauthorized to expend county funds for
transportation of W.P.A. workers engaged in drilling wells and test-
ing the mineral content of water over their respective counties.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm.J. R. King
Wm. J. R. King, Assistant

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

See Conf. Opin. 3073

WmK:AM:wb