

## OFFICE OF
# · THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 17, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. W. A. Hadden
County Attorney
Pecos County
Fort Stockton, Texas

Opinion No. V-505

Re: Authority of Managers of
County Board of Hospitals
to fix the Superinten-
dent's salary on a con-
tingent basis.

Dear Sir:

Reference is made to your recent request for an opinion by this Department, wherein you enclosed a letter addressed to you by the County Judge, which reads, in part, as follows:

"The taxpayers of Pecos County voted bonds in the amount of $300,000. in 1946 for the construction and equipment of a county hospital, and assessed and levied a tax for the payment of bond maturities and interest.

"The Commissioners Court being inform- ed that the hospital would be or could be made self supporting assessed, levied or collected no taxes for maintenance or nec- essary expenses thereof.

"After the site has been acquired and the contract awarded for the construction of necessary buildings, and a board of man- agers appointed by the court as provided by Art. 4479 VCS, has this board power or auth- ority to employ a superintendent and fix his salary on a contingent basis, based on the net earnings of the hospital or income from the operation thereof, he to receive a sal- ary not to exceed the net earnings of the hospital with a maximum of $5,000.00 a year he assuming the payment of all operating ex- penses, and in no manner obligating the coun- ty. He to be employed subject to all the terms, conditions and provisions of the

County Hospital Act."

Article 4478, V. C. S., provides for the establishing, enlarging, repairing and maintaining a county hospital.

Article 4479 provides for the appointment of six resident property taxpaying citizens of the county who shall constitute a board of managers of said hospital.

Article 4480, V. C. S., is as follows:

"The board of managers shall elect from among its members a president, and one or more vice-presidents and a secretary and a treasurer. It shall appoint a superintendent of the hospital who shall hold office at the pleasure of said board. Said superintendent shall not be a member of the board, and shall be a qualified practitioner of medicine, or be specially trained for work of such character.

"Said board shall fix the salaries of the superintendent and all other officers and employes within the limit of the appropriation made therefor by the commissioners court, and such salaries shall be compensation in full for all services rendered. The board shall determine the amount of time required to be spent at the hospital by said superintendent in the discharge of his duties. The board shall have the general management and control of the said hospital, grounds, buildings, officers and employees thereof; of the inmates therein, and of all matters relating to the government, discipline, contracts and fiscal concerns thereof; and make such rules and regulations as may seem to them necessary for carrying out the purposes of such hospital. They shall maintain an effective inspection of said hospital and keep themselves informed of the affairs and management thereof; shall meet at the hospital at least once in every month, and at such other times as may be prescribed in the by-laws; and shall hold an annual meeting at least three weeks prior to the meet-

ing of the commissioners court <u>at which ap-</u>
<u>propriations for the ensuing year</u> are to be
considered." (Emphasis added)

Article 4484, V. C. S., provides, in part:

"The board of managers shall keep in
a book provided for that purpose a proper
record of its proceedings. . . . <u>The Board</u>
<u>shall certify all bills</u> and accounts, <u>in-</u>
<u>cluding salaries</u> and wages, <u>and transmit</u>
<u>them to the commissioners court, who shall</u>
<u>provide for their payment in the same man-</u>
<u>ner as other charges against the county</u>
<u>are paid.</u>" (Emphasis added)

Article 4485, V. C. S., provides, in part, as
follows:

"The superintendent shall be the chief
executive officer of the hospital, but shall
at all times be subject to the by-laws,
rules and regulations thereof, and to the
powers of the board of managers.

"He shall, with the consent of the
board of managers, equip the hospital with
all necessary furniture, appliances, fix-
tures and all other needed facilities for
the care and treatment of patients, and
for the use of officers and employes there-
of, and shall purchase all necessary sup-
plies, not exceeding the amount provided for
such purposes by the commissioners court

"He shall collect and receive all
moneys due the hospital, keep an accur-
ate account of the same, report the same
at the monthly meeting of the board of
managers, and transmit the same to the
county collector withint ten days after
such meeting."

In the case of Commissioners Court of Madison
County v. Wallace, 118 Tex. 279, 15 S. W. (2d) 535, the
Supreme Court said:

"The commissioners court is a crea-
ture of the state constitution and its

powers are limited and controlled by the
constitution and the laws as passed by the
legislature. Article 5, Section 18 of the
Constitution of Texas; Baldwin v. Travis
County, 40 Tex. Civ. App. 199, 88 S. W. 480;
Seward v. Falls County (Tex. Civ. App.) 246
S. W. 728; Bland v. Orr, 90 Tex. 492, 39 S.
W. 558."

It is a well settled principle of law that the
commissioners court does not have any authority except
that which is expressly or impliedly conferred upon it
by law. Edwards County v. Jennings, 33 S. W. 385; 15
C. J. 457, Sec. 103; 15 C. S. 537, Sec. 221.

"Where a power is granted and the me-
thod of its exercise is prescribed, the
prescribed method excludes all others, and
must be followed." Lewis Sutherland Sta-
tutory Construction, Vol. 2, pen. 572, 527,
628, 631.

15 C. J. S. 935, 936, provides, in part, as
follows:

"The source of payment of compensa-
tion of county officers, agents, and employ-
ees is ordinarily regulated by constitu-
tional and statutory provision. Under some
constitutional and statutory provisions
such compensation is payable only from the
general funds in the county treasury, or
from some special fund, or from the fees
and emoluments of the office; . . ."

It is noted in Article 4480, supra, that the
board shall fix the salaries of the Superintendent and
all other officers and employees within the limits of
the appropriation made therefor by the Commissioners
Court and such salaries shall be compensation in full
for all services rendered.

The word "salary" as defined in Webster's
New International Dictionary is: "The recompense or
consideration paid or stipulated to be paid to a per-
son at regular intervals for services, especially to
holders of official, executive or clerical positions;
fixed compensation regularly paid, as by the year, quar-
ter, month or week."

We find in Words and Phrases that "the word 'salary' may be defined generally as a fixed annual or periodical payment for services, depending on the time and not on the amount of the services rendered."

Since the statutes clearly provide that the board fix the salary of the Superintendent of the hospital, and that the Commissioners' Court shall pay the salary certified "in the same manner as other charges against the county are paid", and in view of the foregoing, it is the opinion of this Department that the board of managers does not have the authority to employ a Superintendent of the County Hospital and fix his salary on a contingent basis. Stated in another way, we believe that the board must fix the salary of the Superintendent at a sum certain within the limits of the appropriation made therefor by the Commissioners' Court.

## SUMMARY

The Board of Managers of the County Hospital is not authorized to fix the Superintendent's salary on a contingent basis, based on the net earnings of the hospital or income from the operation thereof. Arts. 4480, 4484, and 4485, V. C. S.; Art. V, Section 18, of the Texas Constitution.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:mw

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL