

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 19, 1958

Hon. Ward W. Markley          Opinion No. WW-462
County Attorney
Jasper County                 Re: Does the Commissioners'
Jasper, Texas                     Court have the authority
                                  to reduce the amount of
                                  the bond proposal, or must
                                  the Commissioners' Court
                                  order the election for the
                                  full amount requested, and
Dear Sir:                         related question.

        In your letter of May 12, 1958, to this office,
you request an opinion on the following questions based
on the given facts:

        "Road District No. 7, in Jasper County,
        Texas, has petitioned the Commissioners'
        Court of Jasper County for an election
        to issue bonds, under Article 752d,
        Vernon's Annotated Civil Statutes of Texas,
        which petition is signed by more than fifty
        (50) resident property tax paying citizens,
        and all of the requirements met under this
        Article.  A hearing on the bond issue was
        set, and heard in accordance with Article
        752e.

        "Question No. One:

        "Does the Commissioners' Court have the
        authority to reduce the amount of the bond
        proposal, or must the Commissioners' Court
        order the election for the full amount re-
        quested?

        "Question No. Two:

        "Whether or not a mandamus would lie against

> the Commissioners' Court to call the elec-
> tion for the full amount of the bond issue
> requested in the petition."

The Commissioners' Court is a creature of the State Constitution and its powers are limited and controlled by the Constitution and laws passed by the Legislature. Article V, Section 18, Tex. Const.; Baldwin v. Travis County, 88 S.W. 480,484 (Tex.Civ.App.); Seward v. Falls County, 246 S.W. 728 (Tex.Civ.App.); Bland v. Orr, 90 Tex. 492, 39 S.W. 558; Mills County v. Lampasas County, 90 Tex. 606, 40 S.W. 403, Commissioners' Court v. Wallace, 118 Tex. 279, 15 S.W. 2d 535.

Article III, Section 52, Constitution of the State of Texas, insofar as relevant to your inquiry, provides:

> " . . . under legislative provision . . .
> any defined district now or hereafter to
> be described and defined within the State
> of Texas, . . . upon a vote of a two
> thirds majority of the resident property
> taxpayers voting thereon who are quali-
> fied electors of such district or terri-
> tory to be affected thereby, in addition
> to all other debts, may issue bonds or
> otherwise lend its credit in any amount
> not to exceed one-fourth of the assessed
> valuation of the real property of such
> district or territory . . . and levy and
> collect such taxes to pay the interest
> thereon and provide a sinking fund for
> the redemption thereof, as the Legisla-
> ture may authorize, and in such manner
> as it may authorize the same for the
> following purposes to wit:

> \* \* \*

> "(c) The construction, maintenance and
> operation of macadamized, graveled or
> paved roads and turnpikes, or in aid
> thereof."   (Emphasis added)

The legislative enactments, under the foregoing constitutional provision, are compiled in Chapter 3, Title 22, Revised Civil Statutes of Texas, and carried forward in Vernon's Civil Statutes in the manner and context indicated below:

> Art. 752c - "The County Commissioners' Courts
> . . . may hereafter establish . . . road districts . . . by entering an order declaring
> such road district established and defining
> the boundaries thereof."

> Art. 752d - "Where any . . . road district
> desires to issue bonds, there shall be presented to the Commissioners' Court . . .
> a petition signed by fifty or a majority of
> the resident property taxpaying voters of
> said . . . road district praying such court
> to order an election to determine whether or
> not the bonds of such . . . district shall be
> issued to an amount stated for the purpose
> of the construction, maintenance and operation of macadamized, graveled or paved roads
> and turnpikes . . . and whether or not taxes
> shall be levied on all taxable property within
> said . . . district in payment thereof. Upon
> presentation of such petition, it shall be
> the duty of the court . . . to fix a time
> and place at which such petition shall be
> heard . . ."

> Art. 752e - "At the time and place set for the
> hearing of the petition . . . the court (Commissioners') shall proceed to hear such petition and all matters in respect of the proposed
> bond election. Any person interested may appear before the court in person or by attorney
> and contend for or protest the calling of such
> proposed bond election . . . If upon the hearing of such petition, it be found that the same
> is signed by fifty or a majority of the resident property taxpaying voters of such . . .

> road district, and that due notice has been given, and that the proposed improvements would be for the benefit of all taxable property situated in such . . . road district, then such court may . . . order . . . an election . . . for the purpose of determining the questions mentioned in such petitions; provided, however, that such court may change the amount of the bonds proposed to be issued, if, upon the hearing such change be found necessary or desirable. . . ." (Underscoring ours)

The Legislature, by the enactment of the proviso underscored, supra, clearly revealed its intent of making the amount of the proposed bond issue a matter squarely within the sound discretion of the court.

Consequently, the answer to your first question is that the Commissioners' Court has the authority to reduce the amount of the proposed bond issue "if, upon the hearing such change be found necessary or desirable."

In your second question, you seek the opinion of this office as to "Whether or not a mandamus would lie against the Commissioners' Court to call the election for the full amount of the bond issue requested in the petition."

To answer that question would necessitate the assumption of varied fact situations since basically the question is hypothetical; consequently, we will confine our answer to a pronouncement of a general principle of law which may serve as a working hypothesis for use in approaching a given or existing state of facts.

Article V, Section 8, Constitution of Texas, gives the district court "appellate jurisdiction and general supervisory control over the County Commissioners' Court, with such exceptions and under such regulations as may be prescribed by law."

Article 1908, V.C.S., contains substantially the same language.

In the instant case, the Legislature has prescribed no exceptions; therefore, the following general principle of law will apply:

> "Where a matter has been committed to the discretion of the commissioners' court and acted on by it, its judgment becomes the judgment of a court of competent jurisdiction, and a district court is not authorized to review the discretion of the commissioners' court, nor to set aside such judgment, unless it appears that there has been a clear abuse of the discretion of the court, or, unless there appears to be collusion, fraud, or bad faith." Loving v. Laird, 42 S.W. 2d 481, 483 (Tex.Civ.App.) and the authorities there cited.

See also Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W. 2d 805, at page 807, wherein the Supreme Court of Texas announces:

> "It is settled by the decisions of this court that mandamus will not issue to compel the performance of an act which involves the exercise of discretion or judgment."

### SUMMARY

A Commissioners' Court with jurisdiction has discretionary power, under the provisions of Article 752e, V.C.S., to reduce the amount of a proposed bond issue from that stated in a petition submitted to said court pursuant to Art. 752d, V.C.S., provided, such change be found necessary

Hon. Ward W. Markley, page #6 (WW-462)

or desirable at a public hearing con-
ducted in accordance with Art. 752e,
V.C.S.; and, the exercise of such dis-
cretionary power in the absence of
abuse or fraud is not a matter for
review by the courts.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Grundy Williams

Grundy Williams
Assistant

GW-s

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Wayland C. Rivers, Jr.
Marvin H. Brown, Jr.
Richard B. Stone
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert