

# The Attorney General of Texas

August 4, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill D. Jackson, CPA
County Auditor
County of Galveston
Galveston, Texas 77550

Opinion No. MW-217

Re: Whether a claim for delinquent tax attorney commissions may be paid out of Farm-to-Market Lateral Tax Fund revenues

Dear Mr. Jackson:

You asked whether a County Auditor may approve a claim for delinquent tax attorney commissions out of Farm-to-Market Lateral Tax Fund revenue.

The Farm-to-Market and Lateral Road Fund exists by virtue of article VIII, section 1-a, of the Texas Constitution and article 7048a, V.T.C.S. Article VIII, section 1-a, provides that counties may:

> ... levy ad valorem taxes upon all property within their respective boundaries... provided the revenue derived therefrom shall be used for construction and maintenance of Farm-to-Market Roads or for Flood Control, except as herein otherwise provided. (Emphasis added).

Article 7048a provides that:

> Sec. 2... [C]ounties... are hereby authorized to... collect ad valorem taxes upon all property within their respective boundaries... provided the revenue therefrom shall be used... for the construction and maintenance of Farm-to-Market and Lateral Roads or for Flood Control and for these two (2) purposes only.
>
> Sec. 3. Taxes... shall be credited... to separate funds known as the Farm-to-Market and Lateral Road Fund, to be used solely for Farm-to-Market and Lateral Roads within such county. ... (Emphases added).

The question is whether these provisions may be construed so as to permit delinquent tax revenue earmarked for the Farm-to-Market and Lateral Road Fund to be used to pay a delinquent tax attorney for his efforts

in collecting that revenue. In our opinion, they may not be so construed. Article VIII, section 1-a, and article 7048a clearly provide that revenue from ad valorem taxation shall be used solely for the construction and maintenance of Farm-to-Market Roads or for flood control, and we see no basis for reading into these provisions an exemption which the legislature apparently did not intend. The law is well-settled that an unambiguous statute will ordinarily be interpreted literally and that courts may not, under the guise of statutory construction, read exceptions or exemptions into a statute, no matter how desirable they may seem. A. M. Servicing Corp. Of Dallas v. State, 380 S.W. 2d 747 (Tex. Civ. App. - Dallas 1964, no writ). See also 53 Tex. Jur. 2d Statutes §§119, et seq.

Commissioners' Court v. Wallace, 15 S.W. 2d 535 (Tex. 1929), does not compel a different conclusion. In that case, the Texas Supreme Court upheld a contract between a county and an abstract company which called for the company to furnish a complete abstract on all county property on which ad valorem taxes had not been paid in exchange for a portion of the delinquent taxes paid as a result of the company's efforts. However, despite language in the opinion to the effect that "a part of uncollected taxes (may) be used in defraying the expense of the collection...," the case clearly turned on article 7335, V.T.C.S., which specifically authorized the commissioners' court to "pay for an abstract of property assessed or unknown and unrendered from the taxes, interest, and penalty to be collected on such lands," such payment being contingent upon collection of such taxes, interest, and penalty. 15 S.W. 2d 535, 536-37. Hence, while there was in Wallace specific statutory authority for the contract and for the method of payment, neither article 7335, V.T.C.S., nor other statutes authorize a delinquent tax attorney's commission to be paid out of Farm-to-Market Lateral Tax Fund revenue.

We also direct your attention to article VIII, section 9 of the Texas Constitution, which establishes a general fund, a road and bridge fund, a permanent improvement fund, and a jury fund. A 1967 amendment to section 9 provides that "any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax." However, this amendment has been held to apply only to these four tax levies and not to section 1-a funds. Attorney General Opinion H-530 (1975). Thus, revenue in the Farm-to-Market Lateral Tax Fund could not be transferred to the general fund and then be used to pay a delinquent tax attorney's commission for collecting delinquent Farm-to-Market and Lateral Road Fund revenue.

### S U M M A R Y

A claim for delinquent tax attorney commissions may not be paid out of Farm-to-Market Lateral Tax Fund revenue.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin