**Clyde LEWIS and Rogelio Villarreal, Appellants,**

v.

**CAMERON COUNTY, Texas, Appellee.**

No. 13–99–483–CV.

Court of Appeals of Texas, Corpus Christi.

July 20, 2000.

**618**

Rene B. Gonzalez, Brownsville, for Appellant.

Dylbia L. Jefferies, Brownsville, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

## O P I N I O N

Opinion by Chief Justice SEERDEN.

Clyde Lewis and Rogelio Villarreal, appellants, challenge a summary judgment declaring that Cameron County has the authority to conduct electrical inspections in unincorporated parts of the county.

### Factual Background and Procedural History

Appellants are licensed electricians who install electrical wiring in residences and other non-commerical buildings in unincorporated areas of Cameron County, Texas. The County inspects appellants' work. The County has also, at times, regulated that work by requiring re-wiring of certain projects or halting the construction of projects in which the wiring did not conform to the County's specifications. The County has also required appellants to pay fees to its inspectors.

Appellants filed a petition for declaratory judgment seeking a declaration that the County has no authority to inspect or regulate the installation of electrical wiring in residences and non-commercial buildings in the unincorporated areas of the county. The County filed a motion for summary judgment which prayed that the court en-

ter an order declaring that the county has authority to regulate and conduct electrical wiring inspections in developments in unincorporated areas of the county. The trial court granted the County's motion by an order which states in pertinent part:

> It is therefore ORDERED that Defendant's Motion for Summary Judgment is GRANTED, declaring that Cameron County has the authority to conduct electrical inspections.

The parties agree there is no factual dispute in this case, so our review of the court's judgment is limited to a *de novo* review of the legal questions presented. *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993).

### Arguments and Authority

A county government has no power, except that specifically conferred by either the constitution or statute. *See* TEX. CONST. art. 5, § 18; *Commissioners' Court of Madison County v. Wallace,* 118 Tex. 279, 15 S.W.2d 535, 537 (1929). The County moved for summary judgment claiming that it was authorized to inspect and regulate the installation of electrical wiring in developments in unincorporated areas of the county pursuant to section 232.030 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 232.030(c)(5) (Vernon Supp.2000). Section 232.030 applies to Cameron County because part of the county is within fifty miles of an international border. TEX. LOC. GOV'T CODE ANN. § 232.022(a) (Vernon Supp.2000). Section 232.030 provides:

> (c) The commissioners court shall adopt regulations setting forth requirements for:
>
> * * *
>
> (5) electric service and gas service. . . .

TEX. LOC. GOV'T CODE ANN. § 232.030 (Vernon Supp.2000). The parties dispute the scope of this statute. This is an issue of first impression.

Appellants contend that there is no legislative intent in this provision to regulate the provision of electrical service to individual residences within county subdivisions. They argue that the term "electric service" means, literally, the service or the electrical power provided by an electric company. This, they suggest, means that the county may only "require developers of subdivisions to assure that electric service or power is available to the subdivision," and does not permit the county to "regulate the manner in which private individuals install electrical wiring, outlets and fixtures in private residences."

By contrast, the county contends that it is powerless to provide utility service because the Legislature has expressly granted that power to public utilities. *See* Tex. Util.Code Ann. §§ 11.01, 11.002 (Vernon 1999). The county suggests, instead, that "the only definition of electric service in section 232.030 can be that of regulating the actual electric service in the building," which, it argues, means regulating the installation of electric service. If the county can regulate the installation of electric services in individual residences, it alleges, it follows that the commissioners court can adopt regulations regarding electric services that include electrical inspections.

We agree with the county, in part.

Section 232.030 is part of subchapter B of Chapter 232 in the local government code which governs land use in counties near an international border. However, the subchapter "applies only to land that is subdivided into two or more lots that are intended primarily for residential use in the jurisdiction of the county." Tex. Loc. Gov't Code Ann. § 232.022(b) (Vernon Supp.2000).

Examining the legislative findings accompanying the enactment of section 232.030, it is evident that the Legislature's concern was with ensuring that adequate and safe basic services, such as electricity, are provided to "colonias" in impoverished areas, even if those areas are unincorporated. *See* Act of June 16, 1995, 74th Leg., R.S., ch. 979, § 1, 1995 Gen. Tex. Laws 4895, 4896 (legislative findings)(now codified as Tex. Local Gov't Code Ann. § 232.021 *et seq.*).

The relevant provision empowers the county to "adopt regulations setting forth requirements for" accomplishing a number of things, including "electric service." The utilities code distinguishes between entities which provide electrical service and those which regulate the use of those services. *See* Tex. Util.Code Ann. § 31.002(1) (Vernon 1999) ("electric utility" provides electric service); Tex. Util.Code Ann. §§ 38.002, 38.003 & 38.051 (Vernon 1999) ("regulatory authority" distinguished in power and duties from "electric utility").

By enabling the county to "adopt regulations," the Legislature has made the county a regulatory authority with regard to electrical service. In other words, the Legislature has granted the county "exclusive original jurisdiction" over the rates, operations, and services of the electric utility in this circumstance. *See, e.g.,* Tex. Util.Code Ann. § 32.002 (Vernon 1999) (extending exclusive original jurisdiction over same to municipalities). As such, the county may:

(1) adopt just and reasonable standards, classifications, rules, or practices an electric utility must follow in furnishing a service;

(2) adopt adequate and reasonable standards for measuring a condition, including quantity, quality, pressure, and initial voltage, related to the furnishing of a service;

(3) adopt reasonable rules for examining, testing, and measuring a service; and

(4) adopt or approve reasonable rules, specifications, standards to ensure the accuracy of equipment, including meters and instruments, used to measure a service.

Tex. Util.Code Ann. § 38.002 (Vernon 1999). The regulatory authority also has the power to inspect premises to ensure

compliance with its regulations. *See* TEX. UTIL.CODE ANN. § 38.051 (Vernon 1999). Subchapter B permits the county to impose a fee for the inspection of property to ensure compliance with the adopted subdivision regulations. *See* TEX. LOC. GOV'T CODE ANN. § 232.0305(a) (Vernon Supp. 2000).

### Analysis

We conclude, as a matter of law, that Cameron County has the power to regulate and inspect the installation of electric wiring in residences and other buildings in unincorporated, subdivided areas of the county. TEX. LOCAL GOV'T CODE ANN. § 232.030(c)(5) (Vernon 1999). To the extent the trial court's judgment refers to the county's power to inspect residential or commercial buildings to which section 232.030 is applicable, that judgment is correct. Neither this court nor the trial court was referred to provisions authorizing regulation by the county in other unincorporated areas. As such the county's authority to regulate in those areas is unresolved. The trial court's order is overbroad.

Therefore, the judgment of the trial court is AFFIRMED insofar as it extends to unincorporated, subdivided areas of the county. We REMAND the remainder of this cause to the trial court for further proceedings consistent with this opinion.